## SUPREME COURT.

GOULD AND OTHERS agt. CARPENTER AND OTHERS.

The application for judgment on account of the frivolousness of the answer, is not a *trial;* it is more analagous to the application for the relief demanded in the complaint for want of an answer.

The plaintiff, in the former case, is only entitled, under the 307th section of the Code, to the twelve dollars costs mentioned in the first subdivision of that section.

Whether in a case where it would not have been necessary to apply to the court, had there been no answer, the costs of the application on a frivolous answer should be $7 or $12, *quere ?*

The plaintiff may also be allowed the *costs of a motion*, whether the application is made to a judge out of court or in court.

*It seems* that if the application fails, the party whose pleading is sustained, will be entitled to the costs of defending it.

*At Chambers, May* 1851.   This was a motion under the 247th section of the Code, for judgment, on the ground that the defendants' answer was frivolous.

O. ALLEN, *for Plaintiffs.*

H. C. VAN VORST, *for Defendants.*

HARRIS, Justice —Upon the hearing of this case I was satisfied that the allegations in the answer did not constitute a defence to the action, and that, therefore, the plaintiffs were entitled to judgment.   I was also inclined to think that this was a proper case to allow the defendants to amend, upon terms.   What those terms should be, was the only question for the consideration of which the decision was reserved.

The plaintiffs' counsel insists that the hearing of the case, upon his application for judgment, is to be regarded as *a trial,* and that, therefore, if the defendants are now allowed to amend, it should only be upon the payment of such costs as the Code allows to the prevailing party *after trial.*   On the other hand, the defendants' counsel insists that the hearing is to be regarded rather as the argument of a motion, and that the only costs to be

imposed as a condition of the amendment, should be the ordinary costs of a motion.

Is the application for judgment under the 247th section of the Code, on the ground that the answer is frivolous, a trial within the meaning of the term as defined in the Code? The 252d section defines a trial to be " a judicial examination of the issues between the parties, whether they be issues of law or of fact." It is not pretended that the case presents for determination any issue of fact. No material allegation in the complaint is con-troverted by the answer, nor has there been a reply to the answer. Nor do I think it can be regarded as an issue of law. Such issue, according to the definition given by the 249th section of the Code, can only arise upon demurrer. The decision upon this application is not, therefore, to be regarded as a judicial deter-mination of any issue between the parties. Of course, it follows that no trial of such issues has been had.

I regard the application as more analagous to the application for the relief demanded, under the *second* subdivision of the 246th section of the Code. The plaintiffs say, in effect, that they have received no such pleading as the Code declares to constitute an answer; that although they have been served with a paper purporting to be the defendants' answer to their complaint; yet, in truth, this paper neither controverts any allegation in the complaint, nor states any new matter constituting a defence, and they, therefore, ask for judgment, as though no attempt had been made to answer the complaint. The effect of granting the plaintiffs' application is, to declare that which purports to be an answer, to be in fact, no answer, and to declare the plaintiffs entitled to the same judgment as they would have had, if no such answer had been interposed.

I am inclined to think that upon the recovery of judgment in a case like this, the plaintiffs are only entitled, under the 307th section of the Code, to the twelve dollars costs mentioned in the first subdivision of the section. Whether in a case where it would not have been necessary to apply to the court, had there been no answer, the costs should be seven dollars or twelve dol-lars, is not very clear. As " judgment can only be taken on ap-plication to the court," after a frivolous answer has been put in,

Gould and others agt. Carpenter and others.

perhaps the plaintiff in every such case should be entitled to the sum prescribed as the allowance when such application is necessary.

I think, too, that whether the application is made to a judge out of court or in court, the plaintiff may be allowed the costs of a motion. The application is, I think, to be regarded as a motion. It is, in effect, a motion to get rid of a frivolous answer—a pleading which is not the subject of a triable issue—so that the party may have the judgment to which, but for such frivolous answer, he would have been entitled. It is true that costs on the motion are only allowable " in the discretion of the court " (*Code*, § 315). But I think that when the application is made to a judge out of court to be relieved from a frivolous answer, such judge, for all the purposes connected with such application, is to be deemed as possessing the powers of a court. He may, therefore, award costs to the prevailing party, in his discretion, within the limits prescribed by law. If the pleading is adjudged frivolous, the party seeking to be relieved from it will, ordinarily, be entitled to the costs of the application. If the application fails, the party whose pleading, though attacked, has been sustained, will be entitled to the costs of defending it.

In this case, the plaintiffs are entitled to judgment on the ground of the frivolousness of the answer. They are also entitled to $10 for the costs of this application. But the defendants are to be at liberty to amend their answer within twenty days after service of a copy of the order made upon this decision, upon the payment of $10 for the costs of this application.