26 . NEW-YORK PRACTICE REPORTS.

The Rochester City Bank agt. Rapelje and another, &c.

---

## SUPREME. COURT.

The Rochester City Bank, respondent, agt. John Rapelje and another, impleaded, &c., appellants. .

Upon the decision of a demurrer, noticed as frivolous under § 247 of the Code, the prevailing party on the judgment is not entitled to tax ($15) for a trial fee of an issue of law. It is not the trial of an *issue.*

*Monroe General Term, Dec.,* 1855.
Johnson, Selden and Welles, Justices.

Appeal from order of special term denying motion for re-adjustment of costs.

The complaint was on a promissory note, made by the defendants, to which the defendants demurred. The demurrer was noticed as frivolous before a justice of this court, under § 247 of the Code, and was held to be frivolous, and judgment was given under that section for the plaintiff, nothing being said in the order about costs.

The plaintiff thereupon perfected judgment, had his costs adjusted by the clerk of Monroe county, in which he charged and was allowed for proceedings, after notice of trial, as follows :—

For all subsequent proceedings before trial, - - - - $ 7.00
For trial of issues of law on demurrer - - . - - - 15.00
Clerk's fee on trial - - - - - - - - - - - 1.00

These items were duly objected to before the clerk. The defendants' moved at special term, for a readjustment, and this appeal is from the order denying such motion.

J. H. MARTINDALE, *for appellants.*
T. C. MONTGOMERY, *for respondent.*

By the court—WELLES, Justice. " If a demurrer, answer, or reply be frivolous, the party prejudiced thereby, upon a previous notice of five days, may apply to a judge of the court, either in or out of the court, for judgment thereon, and judgment may be given accordingly." (*Code*, § 247.)

Subdivision 3 of § 307, gives to the party entitled to recover costs, " for the trial of issues of law, if separate from the issues of fact, to the plaintiff, $15; to the defendant, $12."

An issue of law arises upon a demurrer to the complaint, answer, or reply, or to some part thereof. (§ 249.)

A trial is defined to be the judicial examination of the issues between the parties, whether they be issues of law or of fact. (§ 252.) An issue of law must be tried by the court, unless it be referred, &c., (§ 253,) and must be tried at a circuit court, or special term, &c., (§ 255,) and upon a notice of at least ten days. (§ 256.)

We are of the opinion, that an application to a judge for judgment, under § 247, is not a trial of an issue of law, so as to entitle the party succeeding to charge, in his bill of costs, the fee for the trial of an issue of law, under subdivision three of § 307, nor any other item, as upon a trial, for the following reasons :—

1. The application does not necessarily involve the decision of the issue; because, if the judge does not see the demurrer, answer, or reply to be frivolous, he makes no decision of the issue. He merely decides that it is not frivolous.

We agree with Justice HARRIS, in *Gould* agt. *Carpenter,* (7 *How. Pr. R.* 97–99,) that it is, in effect, a motion to get rid of a frivolous pleading, which is not the subject of a triable

issue, so that the party may have the judgment, to which, but for such frivolous pleading, he would have been entitled.

2. The application may be made upon a notice of five days, whereas a trial can only be brought on upon a notice of ten days.

3. The section allowing the application refers as well to answers and replies as to demurrers. If it is a trial in one case, it is equally so in all of them; yet no one would say it was a trial, in the case of an answer or reply.

The order of the special term must be reversed, a readjustment of the costs ordered, and the clerk directed to disallow the three items in controversy.