# WESLEY a. BENNETT.

*New York Superior Court; At Chambers, January*, 1858.

### APPLICATION FOR JUDGMENT.—PRECEPT FOR COSTS.

When, upon an application for judgment, made upon the whole of the pleadings relating to all, or only one of the causes of action stated in the complaint, judgment is ordered with costs of the application, the costs must be inserted in and collected as a part of the judgment.

Such an application is neither a motion, strictly so called, nor a trial.

The act of 1840 (*Laws of* 1840, 333, *ch.* 386, § 15) does not authorize a precept to collect such costs, but only to collect the costs of motions strictly so called.

Question of costs submitted by consent.

The plaintiff moved, under section 247 of the Code, for judgment on account of the frivolousness of the defendant's demurrer to the first cause of .action stated in the complaint. The application was granted, with $10 costs, and plaintiff's damages were directed to be assessed by the jury on the trial of the issue joined on the second cause of action, unless the defendant complied with certain conditions within five days. On appeal to the general term that order was affirmed with costs; and the order at general term also declared that unless the defendant paid $10 costs of first application, and $10 costs of appeal, and did certain other things in five days, " then that the plaintiff have judgment against the defendant, with costs of said motion and appeal, and have his damages thereon assessed by the jury on the trial of the issue joined on the second cause of action. herein."*

The defendant did not comply with the conditions. The question which then arose as to whether these costs were collectable immediately by precept, or were to be included in and collected with the judgment, was by consent submitted to the court.

*Lyman Abbott*, for the plaintiff.—I. Only those costs which are fixed by statute, and properly a subject of taxation by the

---

* The decision of the court upon the motion is reported 5 *Abbotts' Pr. R.*, 498.

clerk, are to be inserted in the judgment (*Code*, § 311 ; Johnson *v.* Jillitt, 7 *How. Pr. R.*, 485).

II. In all cases where an order for the payment of costs is not conditional, a precept to enforce payment may be issued (*Laws of* 1840, 333, *ch.* 386, § 15).

III. This statute is applicable under the Code (Lucas *v.* Johnson, 1 *Code R.*, N. S., 301 ; Poillon *v.* Houghton, 2 *Ib.*, 14).

IV. If the costs are costs of a motion, they are granted, and should be collected under section 315. If they are costs of the cause, to be inserted in the judgment, the plaintiff is entitled to a trial fee below, and costs of the appeal, as provided under section 307.

*Benjamin Galbrath,* opposed.

BOSWORTH, J.—The terms of the general term order import that the costs are to be incorporated in the judgment, unless they are paid as a condition to secure the right to withdraw the demurrer and answer.

These costs are not, strictly, those of a motion, as that word is defined by the Code. A *motion* is an application for an order (§ 401).

An order is a direction of a court or judge, made or entered in writing, and *not included* in a judgment (§ 400).

The direction of the court, both at special and general term, and which was entered in writing, is included in the judgment. It is, as to the first cause of action, the whole of the judgment, except so much of the latter as will state the amount of damages, and of the costs.

That direction, as now entered, in terms, orders judgment for the plaintiff, " with costs of said motion and appeal," and leaves nothing to be done but the assessment of damages, and the adjustment of the whole costs.

The direction at special term was made on an application "for judgment." The plaintiff did not, and could not, apply for a mere order, as that word is defined by the court. He could only apply for judgment (*Code*, § 247). He did so apply, and judgment was granted.

The act of 1840 (*Laws of* 1840, 333, *ch.* 386, § 15) does not authorize a precept to collect the costs of a successful applica-

tion for judgment, but only the costs of motions, strictly so called, intermediate the commencement of a suit and a trial, which ends in a judgment immediately consequent on such trial.

Motions may, of course, be made, between the trial and final judgment, and granted or denied with costs, and such costs to be collectable by a precept. But the costs of an application for judgment, when made upon the whole of the pleadings relating to all, or only one of the causes of action stated in a complaint, must be inserted in and collected as a part of the judgment, when on such application judgment is ordered, with costs of the application.

Under the former practice, this cause would have been placed on the calendar, and on a notice of argument, including the notice of an intention to move it out of its order on the calendar, the plaintiff could have obtained such a decision as was made in this case, with the exception that judgment would have been ordered, with costs to be taxed, instead of the specific sum of ten dollars. No one, I think, will pretend that, in the supposed case, the costs could have been collected by precept.

The only change made in the practice on this point is, that a party may move for judgment before a judge out of court, as well as in court, and that the cause does not go on the calendar, and the costs are only $10.

They are only $10, unless the application and its disposition amount to a *trial* as defined by the Code (§§ 252, 256, 258, 269).

This court has held that the proceeding is not a trial, and that only $10 costs can be given.

If the plaintiff should recover only six cents damages, I think he would recover the $20 costs, because his right to that amount, in addition to any other costs he may recover, is already determined by the judgment of the court.

In my opinion, these costs cannot be collected by precept.