Larremore, J.
In this ease a motion was made by plaintiff’s attorney for judgment on a frivolous demurrer interposed by the defendant. Argument was heard thereon, and an order made overruling said demurrer with costs, with leave to plaintiff to answer, &c.
The question now is, what costs are properly taxable on said order.
This motion was made under ' section 247 of the Code of Procedure, and as the question raised is one that has been controverted, the weight of authority must govern the decision of the point at issue.
It was held in Pratt v. Allen (19 How. Pr., 450), by the general term of the superior court of the city of Buffalo, that a judgment upon a demurrer (under said section 247) involved a judicial examination of the issues at law between the parties, and that the plaintiff (therein) was entitled to costs of trial. The same opinion was held in two cases at special term (Roberts v. Morrison, 7 How. Pr., 396; Lawrence v. Davis, Id., 354). A contrary opinion was maintained by the gen *343 eral term of the supreme court in the case of Rochester City Bank v. Rapelje (12 How. Pr., 26), wherein it was held that an application for judgment under said section (274), was not a trial of an issue of law, so as to allow the party succeeding to a trial fee. To the same-effect are the cases of Gould v. Carpenter (7 How. Pr., 97); Roberts v. Clark (10 Id., 451); Butchers’ and Drovers’ Bank v. Jacobson (22 Id., 470); Marquisee v. Brigham (12 Id., 399); Wesley v. Bennett (6 Abb. Pr., 12); Candee v. Ogilvie (5 Duer, 658).
Upon the authority of the cases referred to, I am led to the conclusion that the only costs to which the plaintiff is entitled upon this application are the costs of the motion—ten dollars.

Compare the following case, Hill v. Simpson.