CLARK and CLARK *against* PINNEY.

ASSUMPSIT for money had and received, tried at the
*Onondaga* circuit, *September*, 1825, before THROOP, C.
Judge.

It appeared by the N. P. record, that the suit was com-
menced as early as *February* term, 1825.   The declara-
tion contained the usual money counts.   Plea, non as-
sumpsit, with notice of set off.

On the trial, the plaintiffs' counsel offered in evidence,
the record of a judgment in the *Onondaga* C. P. of the
term of *February*, 1822, in favor of the defendant against
and received.

*Where the
money was
paid on a judg-
ment of a
court of com-
mon pleas,
which was af-
terwards re-
versed on er-
ror ; held, that
it might be re
covered back
in an action
of indebitatus
assumpsit for
money had*

The court would not turn the party round to the antiquated remedy by *scire facias*,
though they agreed that this would lie ; and that where it appears on the face of the re-
cord, that the money had been paid, a writ of restitution may issue, even without a *scire
facias.*

Taking a promissory note as payment of an execution, and endorsing it satisfied, with
the consent of the plaintiff, is equivalent to the payment of money, though the note be not
negotiable.   And the amount of such a note will be regarded as money, in an action for
money had and received, on a reversal of the judgment upon which the execution issued,

Clark
v.
Pinney.

the plaintiffs, for $193 11; a *fi. fa.* endorsed satisfied by the sheriff, *June* 21, 1822, except sheriff's fees; that the execution was paid by a note of *Walker & Clark*, by which they promised the defendant to pay him $181 27, on the 1st day of *February*, 1823, with interest, provided the judgment in the C. P. should not be reversed before that day. That this was received as and towards payment of the judgment by *Pinney* and his attorney. The counsel also offered the record of a judgment for $216 73, in the *Onondaga* C. P. on this note, recovered at *May* term, 1823, and an execution returnable at the next *August* term, which had been paid before the return day, and was returned by the sheriff satisfied. They also offered an exemplification of a judgment record in the supreme court, in favor of the present plaintiffs against the present defendant, whereby it appeared, that the judgment first above mentioned had been reversed on a writ of error, at the *October* term, 1824. All these facts were admitted by the defendant's counsel, on whose motion the judge nonsuited the plaintiffs, with leave to move to set aside the nonsuit, and for a new trial.

*E. Griffin*, for the plaintiffs, now moved accordingly; and the question was, whether an action for money had and received, would lie in this case; or whether the plaintiffs should be put to their remedy by *scire facias*, or otherwise, on the judgment of reversal.

*Griffin* cited *Cowen's Treat.* 69; *Bull. N. P.* 131; *Cowp.* 419.

And that the note was equivalent to the payment of money, he cited 2 *Esp. Rep.* 571; 8 *John.* 202; 11 *id.* 464.

*S. M. Hopkins*, contra. That the action for money had and received, is not the proper remedy, he cited 3 *T. R.* 125; 7 *id.* 269; 2 *H. Bl.* 416; 2 *Com. on Contr.* 46, *note*; 1 *Ld. Raym.* 742; *Com. Dig. Pleader*, (3 *B.* 20); *Cro. Jac.* 698; *Cowp.* 417, 18, 19.

That giving the note, though it was accepted in payment, was not equivalent to money, it not being negotiable, he cited 3 *East*, 169.

That the money was recovered by judgment on the note given, and cannot be recovered back till that judgment is reversed, or, in some manner, out of the way, he cited 4 *John.* 240 ; 2 *id.* 157 ; 2 *Com. on Contr.* 40, 41, *and the cases there cited ;* 1 *Esp. Rep.* 84.

*Curia, per* SAVAGE, Ch. J. The important question in this case is, whether *indebitatus assumpsit* for money had and received, lies to recover money paid on an execution upon a judgment, which was afterwards reversed.

The general proposition is, that this action lies in all cases where the defendant has in his hands money which, *ex equo et bono,* belongs to the plaintiff. When money is collected upon an erroneous judgment, which, subsequent to the payment of the money, is reversed, the legal conclusion is irresistible, that the money belongs to the person from whom it was collected. Of course, he is entitled to have it returned to him. The only question is, whether this be the proper remedy.

The cases referred to by counsel do not fully decide the point ; nor have I found any case where this very point has been decided, except *Green v. Stone,* (1 *Har. & John. Maryland Reports.* 405, *Gen. Court, May Term,* 1803.) It was raised in *Isom* v. *Johns,* (2 *Munf.* 272.) There the defendant had been plaintiff in a former action ; recovered judgment, and issued execution, upon which the defendant's property was sold by the sheriff. On the argument, most of the English cases which are now cited were referred to. The court decided against the plaintiff, on the ground that the money did not appear to have come to the defendant's use ; not denying the doctrine, however, that, if the defendant had received the money, the plaintiff might recover it in this action.

In *Green v. Stone,* this very point was decided in favor of the plaintiffs.

The principle in question is supposed to have been acted on in *Feltham* v. *Terry,* ( *Lofft,* 207,) which was an action for money had and received by the church-wardens against the overseers of the poor, for money levied by the

latter, on a conviction of one of the former, which was subsequently quashed. The court held the plaintiff might sue for the money collected by a sale of the property ; or, by bringing trespass, he might have recovered the value of the property. This conviction, I apprehend, must have been irregular ; otherwise the court would not have said trespass might have been brought. Trespass surely would not lie for collecting the amount of a judgment which was merely erroneous. In that case, therefore, the court must have acted on the principle, that the money was collected by a void authority. The authorities are clear and abundant that, in such a case, *indebitatus assumpsit* lies. (1 *Bac. Abr.* 261. *Newdigate* v. *Davy*, ' *Ld. Raym.* 742.)

In the case of *Mead* v. *Death & Pollard*, (1 *Ld. Raym.* 742,) it was decided, that money paid upon an order of the quarter sessions could not be recovered back, though the order had been quashed on certiorari. And *Tracy*, baron, before whom the cause was tried, compared it to the case where money is paid upon a judgment which is afterwards reversed for error, in which case *indebitatus assumpsit* will not lie. No reason is given why this action will not lie ; nor is any case referred to in support of the *dictum*. It is shewn, however, that, in the English courts, the proper remedy, upon the reversal of a judgment, is a *scire facias, quare restitutionem non*, upon which the party recovers all that he has lost by reason of the judgment. ( *Com. Dig.* (3 *B.* 20.) *Cro. Car.* 699.) And if it appear on the record that the money is paid, restitution will be awarded without a *scire facias*. (2 *Salk.* 588.)

Cases have been cited in which it is said, that this action does not lie to recover money collected under legal process afterwards vacated, which is true as applied to those cases ; but the principle is not applicable in this case.

Upon the whole, my view of the question is this : the general principle is, undoubtedly, in favor of sustaining the action. *Isom* v. *Johns*, decided by the court of appeals of *Virginia*,is a plain recognition of the principle as governing this very case ; and *Green* v. *Stone* is an authority in point. These are opposed only by a *nisi prius* decision, at a time

when the action for money had and received had not come into general use. I am inclined to sustain the action. The inclination of courts is to extend the action for money had and received. It is not denied that the plaintiff is entitled to some remedy for the money, though it was taken from him by process erroneous merely. Then, why turn him round from this simple action to the antiquated remedy by *scire facias?* I do not think the purposes of justice require it.

It is also contended, that the facts in this case do not amount to a payment of money to the defendant. A note was received by the sheriff *as payment* of the execution, by the direction of the plaintiff and his attorney. And the execution was returned satisfied. Nay, more; a judgment has been obtained; and the money actually paid upon that note. To what would the plaintiffs be restored on a *sci. fa.?* To the money paid by the note, *as money.* Restitution could be of nothing else. The difficulty in *Isom* v. *Johns* was, that the sheriff could not be held the plaintiff's agent. The facts shew him to be so in this case.

In my opinion, there should be a new trial.

New trial granted.