UTICA,
Aug. 1828.

The People, on the relation of Gould and others *vs.* The Judges of the New-York Commom Pleas.

Motion for a mandamus. A judgment was obtained against the relators in the New-York common pleas, and perfected on the *seventeenth* day of May last, by the signing and filing of the roll. On the *nineteenth* of May, the relators sued out a writ of error, and put in and perfected bail. Previous thereto, and on the same day, an execution had been issued, and levied on the property of the defendants. Application was made to the common pleas for a supersedeas, which was refused; and a motion is now made to this court, for a mandamus directing the common pleas to grant a supersedeas.

*A supersedeas will be granted to an execution issued and levied within the four days, for bringing error, and restitution awarded, if the writ of error is sued out, and bail perfected within that time.*

*H. H. Burlock*, for relators.

*H. W. Warner*, contra.

*By the Court*, Sutherland, J. The relators had *four* days, after the perfecting of the judgment, to sue out their writ of error, and to put in and perfect bail; and having complied with the rule, they are entitled to be protected from the enforcement of the judgment obtained against them, until the determination of the suit in error. A party may sue out execution within the four days, but it is at the peril of a supersedeas of execution and restitution of property, if error is brought and bail perfected within that time. There may have been some doubt, heretofore, as to the practice in a case like this, growing out of the notion, which has long prevailed in *England*, that an execution, being an entire thing, cannot be divided; and that when a levy is made under a *fi. fa.*, the sheriff shall not be stayed, but shall proceed and sell the goods. But since the decision of this court in *Jackson, ex dem. Bogert*, v. *Schauber*, (7 *Cowen's R.* 417 *and* 490,) it

UTICA,
Aug. 1828.

The People
v.
Judges of
N. York C. P.

was supposed that the practice of this court would be consid‑
ered as settled.    The motion for a mandamus is granted.(a)

---

(a) The decision in this case *overruling* the decision in 9 *Johns. R.* 66, it
may not be amiss to review the cases on this subject.    The case of *Blanch-
ard* v. *Myers*, in 9 *Johns. R.* fairly presented the question : whether a *certio-
rari*, sued out within the time allowed by law, should operate as a *supersedeas*
to a *fi. fa.* on which a *levy had been made*, previous to the issuing of the certio-
rari ; and the court, on the authority of *Meriton* v. *Stevens*, (*Willes' R.* 271,)
held that the execution, having *begun to be executed* before the suing out of
the certiorari, the certiorari was not a supersedeas, and that the officer had a
right to proceed and complete the execution.    In *Willes' R.* 271 to 282, *Chief
Justice Willes* reviews all the cases upon this subject from the earliest periods,
and comes to the conclusion, that if a levy is made on an execution, before
the suing out of a writ of error, the sheriff must proceed to the sale of the
goods, and bring the money into court, to abide the event of the writ of er-
ror ; in which conclusion he was supported by the whole court, except Mr. J.
*Fortescue.*    It is, however, well worth observation, that in page 280, the Ch.
J. expresses his doubts as to the reasonableness of the rule, when applied
to a *ca. sa.* instead of a *fi. fa.*    " If it were a capias, (he observes,) that being
a complete execution, it has been holden that a writ of error comes too late
afterwards, for that the judgment is completely executed, and therefore the
party shall remain *in prison*, notwithstanding the writ of error.    But, *quere*,
how far this is reasonable, since the statutes 3 *Jac.* 1, *ch.* 8, and 16 & 17 *Car.*
2, *ch.* 8, in such cases, where bail is actually put in to answer the debt, or
damages and costs, pursuant to the directions of those statutes."    In *Lane &
others* v. *Bacchus*, (2 *T. R.* 45,) *Ashhurst*, J. expresses the opinion, that the
injustice of permitting an execution to be perfected, *after a writ of error duly
sued out and bail put in*, would not be permitted.    " The party taking out ex-
ecution (he says) after the allowance of a writ of error, and before bail put
in, does it at his peril ; for if the writ of error be regularly followed up with
bail, *the execution will be set aside.*    The execution in that case was not set
aside, because bail had not been put in ; but it is evident, had bail been put
in, and perfected *within the four days* allowed for that purpose, the execution
would have been set aside.    The rule laid down by *Ashhurst*, J. is *declared to
be the practice of this court*, in *Brisban & Brannan* v. *Caines*, (11 *Johns. R.* 197.)
The case of *Kinnick* v. *Whitford*, (17 *Johns. R.* 34,) has been supposed to
support the decision in 9 *Johns. R.* 66, because there the court say, that
writ of error is no *supersedeas* to an execution issued and *actually levied ;* but
by examining that case, it will be perceived that the execution was not
issued and levied until *eleven days* after the judgment was perfected, and
that the writ of error was not sued out until after that time.    So that case
has no bearing upon this question.    In *Blunt* v. *Greenwood*, (1 *Cowen*, 21,)
the court advert to the doctrine that a writ of error does not operate as a
*supersedeas* to a *fieri facias* begun to be executed ; but it will be observed
in this case, there was no valid writ of error sued out within the four days,
the paper purporting to be a writ of error being declared a nullity, and
of course it could be no supersedeas to the execution.    Here, the court for

---

the first time *distinctly* lay down the practice in these cases. " The defendant has four *clear juridical days* after final judgment, for bringing a writ of error. The plaintiff may, in the mean time, issue execution at his peril, which is subject to be superseded by filing a writ of error and putting in bail." This is followed up by *Jackson* v. *Eden,* (7 *Cowen,* 412,) where the court say, the party who prevails on a bill of exceptions, may take the effect of our decision as soon as he pleases, *subject to be arrested by writ of error and bail within the four days.*" In *Jackson* v. *Schauber,* (7 *Cowen,* 417,) the court confirm this rule : " The plaintiff had a right within four days after judgment perfected, to take out execution, and *levy* or execute the writ of possession ; but it was upon peril of error being brought and bail given within that time, which operates as a *supersedeas,* and restitution will follow if necessary." And in 7 *Cowen,* 491, where the case of *Jackson* and *Schauber* again came under consideration, the court explicitly determine that an execution will be set aside, though issued and a levy made under it previous to the suing out or filing of the writ of error, if the writ of error be sued out and bail put in within the four days, or within the time enlarged by a judge's order.