## BUFFALO SUPERIOR COURT.

SAMUEL F. PRATT and others agt. ALLEN and BUTTS.

Where a party obtains judgment under § 247 of the Code, he can recover *costs as upon a trial.*

Where more than one action is brought upon a bond, promissory note, or other instrument against different parties thereto, as mentioned in § 304 of the Code, a *full bill of costs* can only be recovered or taxed in *one action,* and the *disbursements* only in the others; and where there is but *one* such action brought, and there is a proper *severance* caused by the acts of the defendants, the same principle prevails.

But where, after severance and judgments, *two appeals* are brought (which are in the nature of original or new actions), the plaintiff, if he succeeds, is entitled to *full costs upon both appeals.* The provision of § 304 does not apply to the costs upon an appeal prosecuted by the defendant.

*March General Term,* 1858.

*Present,* VERPLANCK, CLINTON *and* MASTEN, *Justices.*

MOTION by defendants for retaxation of costs.

GEORGE W. HOUGHTON, *for defendants.*
SHERMAN S. ROGERS, *for plaintiffs.*

By the court, MASTEN, Justice.    This is an action brought against the defendant, Allen, as the maker, and the defendant, Butts, as an indorser of a negotiable promisory note.

The defendant, Allen, demurred to the complaint, and judgment was applied for and given to the plaintiff upon the demurrer as frivolous, by Justice CLINTON, under the 247th section of the Code.

The plaintiff thereupon severed the action, taxed a full bill of costs as upon a trial, and perfected judgment

against Allen. The defendant, Butts, subsequently put in an answer, and the plaintiff applied, under section 247 of the Code, to Justice CLINTON, for judgment under the answer as frivolous, and it was given. The plaintiff taxed a full bill of costs, and perfected judgment against Butts. Allen appealed from the judgment against him to the general term. Butts also appealed to the general term from the judgment entered against him. Both judgments were affirmed with costs, and judgment of affirmance, with full costs, on appeal, was perfected on each appeal.

The first question presented for our consideration is, whether the plaintiff, when he obtained judgment under the § 247 of the Code, recovers costs as upon a trial. This question has been frequently considered by the courts, and the decisions upon it are so conflicting, that the question must be considered an open one.

The section reads thus: "§ 247. If a demurrer, answer, or reply, be frivolous, the party prejudiced thereby, upon a previous notice of five days, may apply to a judge of the court, either in or out of the court, for judgment thereon, and judgment may be given accordingly."

Before the Code, if a party put in a frivolous demurrer, his adversary might notice it for argument as frivolous. The cause, in such case, was entered upon the calendar in its regular place, and when brought on was heard as an enumerated motion. (2 Cai. R., 100.)

All the advantage that the party obtained, by specifying in his notice of argument that he intended to apply for judgment on account of the frivolousness of the demurrer, was the right, on certain days, to move the cause out of its order, and thus obtain a preference. If it appeared to the court that the demurrer was frivolous, they gave judgment upon it. If it was not so manifestly bad as to raise a presumption that it had been interposed for delay, and thus was frivolous, it retained its place on the calendar for argument, when regularly reached, and the party neither

gained nor lost anything by his attempt to move it out of its order.

So, too, if a party put in a frivolous plea, his adversary might demur to it, and notice it as in a case of a frivolous demurrer, and move it to a hearing out of its order. (*Hartford Bank* agt. *Murrell*, 1 *Wend.*, 87.) The object of this practice was to discourage frivolous demurrers and pleas by preventing those delays which tempt them. But they were heard and disposed of as *enumerated* motions, the same as if they had been reached and heard in their regular call upon the calendar. The plea and demurrer remained upon the record, and were incorporated in the judgment roll.

This practice is retained by § 247 of the Code, with modifications and improvements.

When applications for judgments, upon frivolous answers and demurrers, could only be made upon full notice at the stated terms of the court, the temptation to put them in, from the delays necessarily consequent upon that practice, was great.

The Code, in the section under consideration, has lessened those temptations by allowing the application to be made to a judge, upon short notice.

The court, too, is relieved, in a great measure, from disposing of these applications.

The judge is put in the place of the court; he hears the pleadings read, and if the issue is clearly and plainly bad, he pronounces the judgment of the court upon it precisely the same as the court itself did under the former practice. The pleadings remain on the record, and go into the judgment roll.

If the case is one of doubt, the judge simply says it is not frivolous, and it goes to its place upon the calendar to be heard, in its regular call, by the court. When the answer or reply is frivolous, the party aggrieved need not now, as formerly, demur; but may proceed directly upon

the objectionable pleading, the notice for this purpose being equivalent to a demurrer in analogy to the practice upon pleas in chancery.

A trial, as defined by the Code (§ 252), "is the judicial examination of the issues between the parties, whether they be issues of law or of fact."

The office of a demurrer is to tender an issue of law; it confesses the facts, but denies that they constitute, in law, a cause of action or a defence, as the case may be. This issue must be passed upon in rendering judgment upon the demurrer.

The questions presented may be grave and difficult, requiring great deliberation, or they may be plain and easy of solution; so easy as to raise the presumption that the issue was not tendered in good faith.

But, in either case, a judgment upon the demurrer involves an examination, varying only in degree, of the issues, whether or not the facts constitute, in law, a cause of action or defence.

I am of opinion that the judgment given by my brother, CLINTON, against Allen, upon the demurrer, and the judgment given by him against Butts, upon his answer, involved a "judicial examination of the issues of law between the parties." The plaintiff was, therefore, entitled to costs of a trial.

2d. The next question is, whether the plaintiff was right in taxing a full bill of costs against both Allen and Butts. The action originally commenced against both of them was properly severed.

In 1813, it was enacted that the plaintiff "shall in no case, when two or more suits are depending at the same time upon the same bond or recognizance, or on any promissory note or bill of exchange, recover more than the costs of one of the said suits." (1 R. L., 522, § 14.)

In 1818, it was enacted "that in several suits upon the same instrument or note, and in suits against the makers

and indorsers of a note, and in suits on bills of exchange, against the drawer, acceptor or indorsers, there shall be *a taxation and recovery* of full costs as against the party defendant in one suit only, at the election of the party plaintiff; and in the other suits on the same instrument, note or bill of exchange, the party plaintiff shall not have *taxed* or be *allowed* any costs excepting for actual disbursements now taxable by law." (*Laws of* 1818, *p.* 280, § 6.)

In 1830, by the Revised Statutes (*vol.* 2, *p.* 615, § 15), it was enacted that "where several suits shall be brought on one bond, recognizance, promissory note, bill of exchange, or other instrument, and where several suits shall be brought against the maker and indorsers of a note, or against the drawer, acceptors or indorsers of a bill of exchange, there shall be *collected or received* from the defendant the costs, taxed in one suit only, at the election of the plaintiff, and in the other suits the actual disbursements only, of the plaintiff, shall be *collected or received* from the defendant."

In 1849, by the Code, § 304, it was enacted: "When several actions shall be brought on one bond, recognizance, promissory note, bill of exchange, or other instrument in writing, or in any other case for the same cause of action, against several parties who might have been joined as defendants in the same action, no costs other than disbursements shall be *allowed* to the plaintiff in more than one of such actions, which shall be at his election, provided that the party or parties proceeded against in such other action or actions shall, at the time of the commencement of the previous action or actions, have been within this State and not secreted."

The Code of 1848 contained no provision on the subject.

The act of 1818 prohibited the *taxation* of a full bill of costs in more than one action, while the Revised Statutes allowed the taxation of a full bill of costs in each action, but restricted the collection to the costs taxed in either

one of the suits, at the election of the plaintiff, and to the disbursements in the others.

Under the act of 1818, the taxation of the costs in one of the suits was an election on the part of the plaintiff, and he could in the other suits only tax the disbursements.

Under the Revised Statutes, the plaintiff could, at any time before he had collected and received the costs, make his election in which action he would collect the full costs.

Under the act of 1813, the plaintiff could *recover* no more than the costs of one suit.

The defendants claim that the Code has restored the rule adopted by the statute of 1818, and the plaintiffs claim that the rule of the Revised Statutes is in this particular unchanged. The question is to be determined by the meaning of the word "allowed," as used in this section. A mere change of phraseology should not be construed as changing the meaning of a former statute, unless it clearly indicates that it was the intention of the legislature to make a change. If, therefore, the word "allowed" had only been used in this section, I should be strongly inclined to so construe it as to retain the meaning of the enactment in the Revised Statutes. The award of costs either by the law or by the court was formerly styled the recovery of costs. In the Code it is called the allowance of costs. Section 303 declares that "there may be *allowed* to the prevailing party upon the judgment, certain sums by way of indemnity for his expenses in the action, which allowances are in this act termed costs."

§ 304 says : "Costs shall be *allowed* of course to the plaintiff upon a recovery in the following cases."

§ 305. " Cost shall be *allowed* of course to the defendant in the actions mentioned in the last section, unless the plaintiff be entitled to costs therein."

§ 306. " In other actions costs may be *allowed*, or not, in the discretion of the court."

§ 307. " When *allowed*, costs shall be as follows."

§ 308. " In addition to these allowances there shall be *allowed* to the plaintiff," &c.

§ 315. " Costs may be *allowed* on a motion," &c.

From the manner in which the word allowed is used in these sections, it seems to me that in the provision under consideration the word allowed was used as synonymous with the word awarded or recovered.

I am therefore of the opinion that in cases mentioned in the section, a full bill of costs can only be recovered or taxed in the one action, and the disbursements in the other. I am also of opinion that this case is within the provisions of the section under consideration.

It is not within the literal terms of the section, for that is, " where several actions shall be brought," &c. Here was but one action brought, and the severance was occasioned by the acts of the defendants ; but it is within the spirit of the act.

The 2d section of chapter 211 of the Laws of 1835 (*p.* 248), which I think is still in force, makes the above quoted § 15 of the Revised Statutes, for which the one under consideration is a substitute, applicable to an action brought against the several parties to a note, &c. The plaintiff is entitled to recover full costs upon both appeals. The action had been severed.

An appeal is in the nature of an original or new action brought by the party appealing, and like a writ of error may be prosecuted by a new attorney without substitution. (*McLaren* agt. *Charrier*, 5 *Paige*, 530.) The provision of the section under consideration does not apply to the costs upon an appeal prosecuted by the defendant.

The costs were rightly adjusted in the case of Allen. In the case of Butts there must be a retaxation upon the principles stated.