ACTION of replevin for a horse with the usual pleas and plea of property in Russell, one of the defendants, severally, and also in both of the defendants jointly.
Moore (Cullen with him) for the plaintiff, after stating that his right to the horse in question was founded on a judgment recovered by him against the defendant, Russell, before a justice of the peace, and execution thereon which was levied on the horse, then the property of Russell, and the sale of the horse by the constable under it, and the purchase of it by the plaintiff at the sale, and the delivery of it to him by the constable at the sale, proceeded and proved the same, and that it was afterwards taken from his stable without his knowledge and consent and found in the possession of the defendants, who, on demand made upon them for it, had refused to deliver it to him.
Robinson (Layton with him) for the defendants. The defence is, and it will appear by the record of this court, that the judgment referred to and recovered by the plaintiff against the defendant, Russell, before a justice of the peace, and under which the horse was sold at a constable's sale as Russell's property, and bought by the plaintiff, was afterwards reversed on a writ ofcertiorari in this court; and thereupon he was bound in law to make restitution of the horse to Russell. Freeman on Execution, § 347; Herman on Execution, §§ 328, 398. Where the property which was purchased at the sale by the plaintiff in the execution remains in specie in his hands at the time of the reversal, he must make restitution of it to the defendant in it. 3 Bac. Abr. Error, M., § 3; Parsons v. Loyd, 3 Wils., 345; Woodcock *Page 33 v. Bennett, 1 Cow., 734; Jackson v. Caldwell, 1 Cow., 644; Dater v. Troy Turnp. R.R. Co., 2 Hill, 629; Bank of United States v. Bank of Washington, 6 Pet., 15; Galpinv. Page, 18 Wal., 350; Clark v. Tinney, 6 Cow., 297; McJilton v. Love, 13 Ills., 487; Giteau v. Wischy, 47 Ills., 436. By express statutory enactments, however, it is provided in this State that if after the sale of real estate upon execution process, the judgment on which such writ is awarded shall be reversed for error, the real estate so sold shall not be restored, nor any part thereof, nor shall the sale thereof be avoided; but in such case, restitution only of the money for which such lands may be sold shall be made. Rev. Code, 689, § 71. And the same is the provision in relation to the sale of real estate to carry into execution a decree of the Court of Chancery in case the decree under which any real estate is so sold, shall be reversed by the Court of Errors and Appeals. Rev. Code, 571, $12. But the exceptions to the general rule of the law, as before stated by him, proceeded no further in this State than those two statutory provisions have carried them. Nor could the legal right of the defendant, Russell, to the restitution of the horse on the reversal of the judgment, be impaired or affected by the manner in which he regained the possession of it without the knowledge and consent of the plaintiff, for the owner of goods which have been wrongfully taken from him, may lawfully repossess himself of them wherever they can be found, and although he may be liable for a riot for so doing, it would not render him liable for a restoration of the goods. 1 Waterman on Trespass, § 439; Hyatt v. Wood, 4 Johns., 157. The record referred to was produced and showed that the judgment and execution of the justice of the peace under which the horse was sold, had been reversed on a writ of certiorari in this court.
Moore, for the plaintiff. A purchaser under an erroneous or voidable judgment or process with notice of it, must make restitution if it is afterwards reversed, because he is not an innocent purchaser without notice or knowledge of the defect which renders it voidable. Herman on Execution, §§ 328, 339, and *Page 34 
contended from the evidence before the court and jury in the case now on trial as to the case of the plaintiff against Russell before the justice of the peace, in which the judgment referred to had been recovered and afterwards reversed in this court, that if the plaintiff was to be presumed to have had notice of the error in it, because he was the plaintiff in that judgment a party to the case, the same presumption would arise that the defendant, Russell, also had notice of it, because he was also a party to the case and the defendant in the judgment and execution, and it was in evidence before the court that he also was present at the sale of the horse under the execution, and made no objection whatever to it on that or any other ground, but silently stood by during the sale and acquiesced in it, and he was thereby forever estopped from objecting to it. Ror. on Jud. Sales, § 139; Herman on Execution, § 398; 10 Barb. 99. The, defendant must apply to the court below for the restitution or to set aside the sale of it after having had the judgment reversed in the court above certified to the court below, before he can proceed in any other manner, as by a writ of replevin, or an action of assumpsit to recover the goods in specie, or the value of them in damages, because the reversal of the judgment does not divest the title of the purchaser to the goods under it, even though he is the plaintiff in it, until the sale is vacated on application to the court that rendered it. Freeman on Execution, §§ 308, 345, 346, 347; 5 B. Monroe, 445; 8 B. Monroe, 105; 18 B. Monroe, 320; 1 Nebr., 247; 13 Ills., 494.
Robinson: There are two reasons why, when the plaintiff in the judgment and execution becomes the purchaser of the goods of the defendant at the sale under them, is bound to make restitution of them on a reversal of them; is first, because he is presumed in law to have purchased them with knowledge of the error in the judgment; and, in the next place because, as plaintiff, he gets them by the purchase without paying any money for them.
The Court,
charged the jury that, as the only question presented in the case was a question of law for the *Page 35 
decision of the Court, and depended solely on the record evidence produced in the trial of it, he would merely say to them that it was the opinion of the Court that Robert R. Russell, one of the two defendants in this action, and the only defendant in the suit of George Stoeckel, the plaintiff, against him before John L. Thompson, a justice of the peace in this county, in the year 1877, in which he recovered a judgment for debt and costs against Russell, on which an execution was issued, and levied upon certain goods and chattels of Russell, and among them upon the horse in question in this action, and under which execution the said goods and chattels, including the said horse, were afterwards advertised and sold at constable's sale, and purchased by Stoeckel, the plaintiff in the month of November in that year, and were thereupon delivered by the constable to Stoeckel, the plaintiff and purchaser of them; and, in the month of February following, the record in that suit was certified and removed on a writ of certiorari
into this court, and on errors assigned the judgment in it was afterwards reversed by this court. After that, the horse in question was taken from the possession of Stoeckel without his knowledge and consent, and was found in the possession of Russell and his co-defendant in this action, Charles A. Isaacs, and was demanded of them by Stoeckel, but which they refused to deliver to him, and thereupon this action of replevin was commenced by him against them in this court for the recovery of it. Under the facts and circumstances thus detailed in the case, as it was personal property of Russell, the defendant, in the judgment before the justice of the peace, and was purchased by Stoeckel, the plaintiff in it, at the constable's sale on the execution issued upon it, the subsequent reversal of that judgment on the writ of certiorari in this court, in law annulled it, and the execution and sale under it, and restored the legal right of Russell to the horse, and entitled him to a restitution of it as against Stoeckel, the purchaser of it, and the plaintiff in the judgment and execution under which it was sold, and which were afterwards reversed and annulled in this court, as I have before stated. The plaintiff is, therefore, not entitled to recover in this action, and your verdict should be for the defendant, with *Page 36 
six cents costs besides their costs expended in it, as the horse was not replevied on the writ, but remained in their possession on their giving the required bond and security to the sheriff for the forthcoming of it on the determination of the action.