THIS case came up on a bill of exceptions and a writ of error to the Superior Court sitting in and for Sussex County. At the trial of the cause in the court below which was an action of replevin at the suit of the plaintiff against the defendant for the recovery of a horse which had been sold at constable's sale under execution process on a judgment recovered by the plaintiff against Robert R. Russell, one of the defendants, and bought by the plaintiff, but it appeared on the trial by the record of the case on certiorari in that court that the judgment of the justice of the peace under which the horse had been so sold and bought by the plaintiff had afterwards been reversed in that court; and thereupon the counsel for the defendants asked the court to charge the jury that the defendant, Russell, had the right to retake possession of the horse in question wherever he found him; whereas the counsel for the plaintiff contended and asked the court to charge the jury that such right could not be *Page 222 
exercised without the prior issuance of a writ of restitution in behalf of the said defendant by the proper court which it was admitted by the counsel for the defendants had not been done. That the said court refused to charge the jury as the plaintiff had requested, but on the contrary, did charge the jury that in this case the said defendant had upon such reversal the right of repossess himself of the said horse, being responsible if he used any violence for that purpose. To which the plaintiff by his counsel excepted.
Moore (Cullen with him) for the plaintiff. The reversal of the judgment of the justice of the peace on the writ ofcertiorari which was issued February 25, 1878, did not annul or set aside the official acts of the constable under the execution upon it in his hands, performed by him prior to that date, the sale of the property levied on, including the horse in question, having taken place and been returned and formally confirmed by the justice of the peace before the said certiorari was sued out. Her. on Exe., 601, 602; 6 Min., 564; 14 Geo., 162; 8 Tex., 23; 1 Har. Johns., 476. That the reversal of that judgment below by the Superior Court only operated so far as to prevent any further proceedings on that judgment of the justice of the peace after that reversal, and did not reinvest in the defendant any title to the property levied on and sold under it, or give him any right of possession thereto. If he acquired any right by that reversal, it was only the right to sue for and recover the proceeds of the sale. 1 Murphy, 272; 7 Cow., 417; 2 Har. Johns., 10, 11, 12; 1 Wend., 82; Bouv. Law Die. Restitution. That the execution under and by virtue of which the sale was made was an executed writ before the certiorari was issued, and was therefore unaffected by it. 2 Harr., 474; 2 Har. Johns., 20, 32; 10 B. Monroe, 68. That the said defendant was present at said constable's sale under said execution and made no objection to it, but recognized the same as valid by claiming and being allowed the amount of his exemption therefrom under the statute, and is thereby estopped from thus contesting it. Freem. on Jud. Sales, 67, 68; 25 Pa. St., 272; 10 Pa. St., 208; 10 Barr, *Page 223 
208; 7 W. S., 1ll; 5 Barr, 176; 6 Harris, 346 7 Harris, 424. The formal confirmation of the sale by the justice before thecertiorari issued fixes the title in the purchaser to the property sold despite the writ of error and reversal, and leaves the defendant only to his action for the recovery of the proceeds of the sale, if he has the right even to that action. 6 Cow., 297, 299, 301; 13 Pet., 6, 15.
A plaintiff purchaser acquires a good title to personal property purchased at his own sale, made by a constable, when the judgment on which it was sold is reversed on certiorari taken out after such is made, returned, and formally confirmed, where the defendant stands by making no objection, giving no notice of any error, alleging no fraud, and ratifying the proceedings by claiming his exemption, and suffering the sale to proceed when he has the right and the power to prevent it by taking out his certiorari, and superseding the execution. Herm. on Exe., 607, 608; Rorer on Jud. Sales, § 1139; 2 Strob., 207, 217; 8 Mon. 105; 13 Pet., 6, 15; 5 Blackford, 328; 1 Nebraska, 245; 18 D. Mon., 237. When a sale by a constable on an execution is confirmed by the justice of the peace, and acertiorari, being a writ of error, is afterwards taken out, and the record thereby removed to the Superior Court, is being a writ of error in such case, and judgment of reversal given therein, the defendant below cannot, by virtue of that reversal, reacquire any title to the property so sold by the constable, or reacquire any right of possession thereto, until the record and judgment of reversal is remitted to the justice of the peace, and the record below is corrected in accordance with the decision and judgment above; and the defendant below cannot bring an action for the restitution of the property, or for the recovery of the proceeds of the sale, until the record removed by the certiorari to the court above is remitted to the tribunal below, and the action and judgment of the Superior Court is duly certified to the justice of the peace, for the record and proceedings below in this case still show that the title of the plaintiff to the property purchased by him at such sale is perfect and complete, and absolutely estops the defendant in law from making any claim of right or title to the same. 8 Johns., *Page 224 
565; 2 Wend., 225; 3 Johns., 443; 1 Del. Ch., 24; 10 Cal., 335;45 Cal., 629; 34 Cal., 293; Freem. on Exe., § 351; 10 Mass, 434; Jacobs and Bouv., Law Dictionaries, Restitution and Remittour; Cro. Jac., 534; Raym., 100; Mod. Ca., 130; 1 Salk., 321; 4 Wend., 189; 1 Wend., 82 (note a); 2 Tidd's Pr., 1056, 1149; 5 E.C.L., 122;6 Minn., 564; 2 Tidd's Pr., 1186. No case is to be found in the books in which there has been a restitution of personal property after the reversal of a judgment on which it was sold by execution.
Robinson for the defendant. If the plaintiff has purchased real or personal property under execution process, and the judgment upon which the execution was issued is afterwards reversed, the defendant is entitled to the restitution of such real or personal property as remains in the possession of the plaintiff at the time of the reversal of the judgment. Rorer on Jud., §§ 1142, 608; Freem. on Jud., §§ 421, 422, 423, 424; Freem. on Exe., §§ 347, 117; Herm. on Exe., §§ 328, 398; Rev. Code, chap. 111, § 71, p. 689; 2 Ba. Abr. Er. M. (3), P. 505; Manning's Case, 8 Coke, 191; 2 Tidd's Pr., 1186; Pennington v. Chandler, 5 Harr., 395; Parsons v.
Loyd, 3 Wil. 345; Woodcock v. Bennett, 1 Cow., 713, 737, 739; Jackson v. Calwell, 1 Cow., 644; Dater v. Troy T. 
R.R. Co., 2 Hill, 633; Stroud v. Casey, 25 Tex., 740; 754; Han. St. Jo. R. R. Co. v. Brown et al., 43 Mo. 297; Holland v. Adair, 55 Mo., 48; Reynolds v. Harris, 14 Cal.. 676, 680; Reynolds v. Harris, 45 Cal., 628; Galpinv. Page, 18 Wall., 350; McGilton v. Love,13 Ill., 494; Twogood v. Franklin, 27 Iowa, 240; Corwith v.
Bank of Illinois, 15 Wis., 289; Love's Lessee v. Hambleton, 2 Harr., 475; Gordon's Lessee v. Rankin et al., 2
Harr., 476, note (a). And, in such a case, the defendant may recover the specific property in the appropriate action for it. Bank of U.S.v. Bank of Washington, 6 Pet., 17; Clark v. Penney, 6 Cow., 297; McGilton v. Love, 13 Ill., 494; Dater v.
Troy T. R.R. Co., 2 Hill, 629; Stroud v. Casey,25 Tex., 740; Reynolds v. Hosmer, 45 Cal., 629; Cummings v.
Noyes, 10 Mass., 433.
 The Court affirmed the judgment of the court below. *Page 225