Quin *v.* Bowe.

M. E. Quin, Plaintiff, *against* Peter Bowe, Sheriff of the City and County of New York, Defendant.

[Special Term.]

(Decided May 8th, 1882.)

The provision of section 3531 of the Code of Civil Procedure, limiting the recovery of costs where two or more actions are brought for the same cause against persons who might have been joined in one action, applies to separate actions for the same cause, brought against a sheriff and his indemnitor; and costs, other than disbursements, can be recovered by the plaintiff in only one of such actions.

Motion for leave to serve a supplemental answer.

The action was brought against the sheriff of the City and County of New York for an alleged trespass. Another action for the same trespass having been brought in the Marine Court of the City of New York by the same plaintiff against an indemnitor of the sheriff, in which satisfaction for the trespass had been made by the indemnitor, the sheriff moved for leave to set up such satisfaction by way of supplemental answer in this action.

J. F. Daly, J.—Before the Code of Civil Procedure, if a plaintiff received satisfaction for the trespass in an action against one party liable for it, he could collect costs and disbursements of any action commenced by him against any other party liable for the same cause of action. But section 3231 seems to embrace actions for wrongs as well as certain actions on contract in the provision that "where two or more actions are brought, in a case specified in section 454 of this act, or otherwise for the same cause of action, against persons who might have been joined as defendants in one action, costs, other than disbursements, cannot be recovered, upon the final judgment, by the plaintiff, in more than one action, which shall be at his election." Section 454 permits the joining in one action of the parties severally liable upon the same written instrument, including the parties to a bill of exchange or

a promissory note. The expression in section 3231, " or otherwise for the same cause of action," cannot, I think, be construed to mean like causes of action, or actions similar to those specified in section 454 ; the language clearly meaning, I think, that where, in a case specified in section 454, or in any case, two or more actions are brought for the same cause of action, costs other than disbursements cannot be recovered.

The Revised Statutes contained a provision (2 R. S. [Edm. ed.] 638), limiting the collection to disbursements only, where several suits were brought on one bond, recognizance, promissory note, bill of exchange, or other instrument.

The Code is broader than the statute, as it includes actions upon " any written instrument," as well as bills, notes and similar obligations (§ 454), and the language of section 3231, " or otherwise [than section 454] for the same cause of action," is an evident further extension of the law to embrace all actions.

The supplemental answer may be set up, therefore, on payment of disbursements only, as that is all plaintiff could collect.

Order accordingly.