All concur.

Order reversed.

---

S. L. & Co., Inc., Appellant, *v.* " John " Bock, " John " Pepoon, et al., Respondents.

Supreme Court, Appellate Term, Second Department, January Term — Filed June, 1922.

Practice — joinder of parties — Municipal Court of the city of New York — tenants of separate apartments in an apartment house may be joined in a single action for rent although separate judgments are demanded against each tenant — Civil Practice Act, §§ 209, 211–213 — Municipal Court Code, §§ 15, 27.

By virtue of sections 15 and 27 of the Municipal Court Code, sections 209, 211–213 of the Civil Practice Act, taken bodily from the English Practice Act, apply to actions in the Municipal Court of the city of New York.

While the Civil Practice Act does not permit a creditor to join in one action all or any number of his debtors, yet where claims against a number of debtors arise out of the same transaction or series of transactions and involve some question of law or fact common to them all, the creditor may bring a single action against all or any number of the debtors, and if, even in such a situation, a joinder would be prejudicial to the interests of any one involved, the court under section 209 of the statute has power to order separate trials.

The complaint in an action brought in said court to recover the reasonable rental value for the use and occupation of certain apartments alleged that all of the seven defendants are tenants in the same house and that each occupies a separate apartment. While the reasonable rental value of each apartment was also alleged it was not the same as to each defendant and a separate judgment was demanded against each defendant for the reasonable value of the use and

occupation of the apartment occupied by him. A motion by defendants. appearing specially, to dismiss the complaint was granted on the ground that the action would not lie, and the order entered recited that by consent of all parties the motion was determined solely upon the question whether, under sections 211 and 212 of the Civil Practice Act, a single action may be brought against all such tenants joined as defendants. *Held*, that the order, from which an appeal was allowed under section 154(7) of the Municipal Court Code, will be reversed, and a motion to dismiss the complaint denied, but without costs.

APPEAL from an order made in the Municipal Court of the city of New York, third district, borough of Queens, dismissing plaintiff's complaint.

*Seley & Levine (Louis L. Levine, of counsel), for appellant.*

No appearance for respondents.

CROPSEY, J. The action is to recover the reasonable rental value for the use and occupation of certain apartments in the borough of Queens, New York city. There are seven defendants. The complaint alleges that all of the defendants are tenants in the same house and that each occupies a separate apartment. The reasonable rental value of each apartment is alleged, and it is not the same as to each defendant. The plaintiff demands a separate judgment against each defendant for the reasonable value of the use and occupation of the apartment occupied by him. The defendants appeared specially, as provided by section 78, subdivision 8, of the Municipal Court Code, and moved under section 88 for an order dismissing the complaint upon certain specified grounds. The order appealed from recites that by consent of all parties the motion was determined " solely upon the question whether or not under sections 211 and 212 of the Civil Practice Act a single action may be brought against all such tenants joined as defendants." The court below held such an action did not lie and granted the motion. The justice who made the order appealed from allowed this appeal, and hence the question may be reviewed. Municipal Court Code, § 154, subd. 7.

Section 211 of the Civil Practice Act reads as follows: " All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities."

Section 212 of the same act reads as follows: " It shall not be necessary that each defendant shall be interested as to all the relief prayed for, or as to every cause of ·action included in any proceeding against him; but the court may make such order as may appear just to prevent any defendant from being embarrassed

or put to expense by being required to attend any proceedings in which he may have no interest."

These sections are taken practically *verbatim* from the English Practice Act (Order XVI, rules 4 and 5). In construing the meaning of these sections it is important also to consider other portions of the Civil Practice Act. Section 213 provides: " Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties."

This is also taken bodily from the English Practice Act (Order XVI, rule 7).

Section 209 reads: " All persons may be joined in one action as plaintiffs, in whom any right to relief *in respect of or arising out of the same transaction or series of transactions* is alleged to exist whether jointly, severally or in the alternative, *where if such persons brought separate actions any common question of law or fact would arise; provided that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient,* and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled."

This also is copied practically *verbatim* from the English act (Order XVI, rule 1). The matter italicized in the last quoted section was placed in the English act by the amendment of 1896. Prior thereto the English rule did not contain those provisions. And this is very important because of the construction that the English courts have given to their practice rules, both before and since that amendment. As these sections of our new practice act have been lifted bodily from the English act it may be assumed that the legislature intended them to have the meaning which the English courts had theretofore given to them. Endlich Interp. Stat. § 371; *Bellegarde* v. *Union Bag & Paper Co.*, 90 App. Div. 577, 581; affd., 181 N. Y. 519; *Matter of De Filippis* v. *Falkenberg,* 170 App. Div. 153, 157; affd., 219 N. Y. 581; *Robinson & Co.* v. *Belt,* 187 U. S. 41; *Pratt* v. *American Bell Telephone Co.*, 141 Mass. 225.

Prior to the amendment the English courts held that different causes of action could not be joined; that the only joinder permitted was that of parties in relation to the same cause of action. And those courts gave a similar construction to rules 1 and 4 (our sections 209 and 211). Under this construction it was held that several people who were injured in the same accident could

not join as plaintiffs in one action against the party alleged to be responsible. *Peninsular & Oriental Steam Navigation Co.* v. *Tsune Kijima*, L. R. (1895) App. Cas. 661; *Carter* v. *Rigby & Co.*, L. R. (1896) 2 Q. B. 113. And the same holding was made where a number of separate shippers and consignees of cotton carried on the same vessel joined as plaintiffs against a shipowner alleging short delivery. *Smurthwaite* v. *Hannay*, L. R. (1894) App. Cas. 494; 71 L. T. (N. S.) 157.

The amendment of 1896 was made, as the later cases state, to overcome the rulings made in the cases cited. *Stroud* v. *Lawson*, L. R. (1898) 2 Q. B. 44, 50; *Universities of Oxford & Cambridge* v. *Gill & Sons*, L. R. (1899) 1 Ch. Div. 55, 58, 59. Since that amendment the joinder of causes of action, as well as the joinder of defendants, is permitted. *Oesterreichische Export A. G.* v. *British Indemnity Ins. Co., Ltd.*, L. R. (1914) 2 K. B. 747; 110 L. T. (N. S.) 955. And although rule 4 (our section 211) was not amended, the English courts hold that it was not necessary that it should be as its broad language was sufficient to justify the joinder of different causes of action. *Compania Sansinena de Carnes Congeladas* v. *Houlder Bros. & Co., Ltd.*, L. R. (1910) 2 K. B. 354. It is held that rule 4 must be read as though it contained the same matter that had been put into rule 1 by the amendment. *Payne* v. *British Time Recorder Co., Ltd.*, L. R. (1921) 2 K. B. 1; 124 L. T. 719. In this latter case the court said: " The result of the later decisions is that you must look at the language of the rules and construe them liberally, and that where there are common questions of law or fact involved in different causes of actions you should include all parties in one action, subject to the discretion of the Court, if such inclusion is embarrassing to strike out one or more of the parties." (p. 16.)

Since the amendment the English courts have construed their rules liberally and have allowed the joinder of different causes of action. They have allowed four persons who bought stock in the same company, relying upon the same prospectus issued by the defendant, although they bought in different amounts and in different transactions, to join as plaintiffs in the one action. *Drincqbier* v. *Wood*, L. R. (1899) 1 Ch. Div. 393. They have also allowed two separate universities to join as plaintiffs in the same action against the publisher of books purporting to be printed jointly by those two universities, on the ground that the actions arose out of the same series of transactions and that there was a common question of fact involved, namely, that of publication and belief by the public that the plaintiffs were the publishers, and that that was all-sufficient. *Universities of Oxford & Cambridge* v. *Gill & Sons, supra.* So it has been held proper for

several plaintiffs not united in business to join in one action to restrain the defendant from interfering with their respective employees and " besetting " the works of the different plaintiffs or any of them. *Walters* v. *Green,* L. R. (1899) 2 Ch. Div. 696. And it was held proper for several plaintiffs unconnected in business, and each having a separate claim against the defendant arising out of the latter's violation of law respecting each plaintiff's individual use of the same market, to join in one action. *Bedford (Duke of)* v. *Ellis,* L. R. (1901) A. C. 1.

And holding as the English courts do that the amendment applied equally to the joinder of defendants as to the joinder of plaintiffs, it has been held that several underwriters of an insurance policy may be joined in the one action although the contract be not treated as a joint and several one. *Oester-reichische Export A. G.* v. *British Indemnity Ins. Co., Ltd., supra.* Where H had contracted to carry meat for the plaintiff and it was shipped on a steamer belonging to F, the master of which signed the bill of lading, and the meat was damaged owing to the unseaworthy condition of the ship, it was held that the plaintiff could sue H upon his contract and F on the bill of lading and that they could be joined in the one action. *Compania Sansinena de Carnes Congeladas* v. *Houlder Bros. & Co., Ltd., supra,* So it has been held proper for eight plaintiffs to join in the one action against six defendants to recover damages for separate slanders uttered by each defendant against each plaintiff and also for damages for forming a conspiracy to slander. *Thomas* v. *Moore,* L. R. (1918) 1 K. B. 555.

Other decisions under rule 7 of the English Practice Act (our section 213), permitting the joinder of several defendants where the plaintiff is " in doubt " as to who is liable, are illustrative of the liberality with which the English courts have construed the provisions of their Practice Act, now incorporated in ours. Where A ordered goods by specifications from B, and B ordered the same goods by the same specifications from C, and C furnished the goods which were delivered to A, who claimed they were not according to specifications, C contending they were, it was held that B could join A and C in the same action and get a judgment against either one or the other, depending upon the decision of the question whether the goods were up to specifications. This was held, although the amounts of the claims against the two defendants were different and they had not made the same contract with the plaintiff. *Payne* v. *British Time Recorder Co., Ltd., supra.* So it has been held proper to join as defendants the party claimed to be liable and the party who represented him as his agent and who made

the agreement with the plaintiff which was not fulfilled, the party sought to be held primarily liable claiming that the other party was not his agent. In that action a judgment of specific performance was sought against the one in whose name the contract was made; or in the alternative if it be found it was made by the other defendant without authority, then for specific performance against the latter. *Honduras Railway Co.* v. *Tucker*, L. R. (1876–77) 2 Exch. Div. 301.

From the foregoing review of the English authorities it seems to be established that either plaintiffs or defendants may be joined where the respective claims arise out of a set of circumstances involving any common question of law or fact. The instant case seems to come within this rule. The defendants have all lived in the same house owned by the plaintiff and each is sought to be held liable for the reasonable rental value of the portion occupied by him. Many of the same elements that enter into the determination of the reasonable rental value of the apartment of one defendant necessarily enter into the determination of the same question as to each of the other defendants. The only difference can be one of the number and possibly the location and character of the rooms occupied by each. The claims all arise out of the same transaction or set of circumstances and clearly they involve a common question of fact.

We find no reason for failing to give to these recently adopted statutes the same construction that has been placed on their forerunners by the English courts. It is true that section 258 of our Civil Practice Act finds no counterpart in the English act. This section relates to the joinder of causes of action and restricts such joinder. But this section was taken from section 484 of our Civil Code and it is most significant to note that when it was transplanted one of the provisions of the former section was omitted. That provision was that all the causes of action so united must " affect all the parties to the action." This clause was not carried into the Practice Act. It is manifest that it no longer is necessary that all the causes of action joined in the same complaint should affect all the parties. It is sufficient if they come within the rule already stated. The only effect of section 258 of the Civil Practice Act is to limit the character of the causes of action which may be joined. See *137 East 66th St., Inc.*, v. *Lawrence*, 118 Misc. Rep. 486.

The Practice Act in New Jersey contains provisions in some respects similar to those of our own. By the enactment of chapter 231 of the Laws of 1912 it is provided: " And persons interested in separate causes of action may join if the causes of action have

a common question of law or fact and arose out of the same transaction or series of transactions." § 4. And also: " The plaintiff may join separate causes of action against several defendants if the causes of action have a common question of law or fact and arose out of the same transaction or series of transactions." § 6. Under these provisions the courts of that state have held that a number of plaintiffs, some of whom had sustained property damage and others personal injuries, and who had brought separate actions against the concern claimed to be liable for the whole damage, might have their causes of action consolidated and tried as one, that is, that they might originally have joined as plaintiffs. in the same action. *Metropolitan Casualty Insurance Co.* v. *Lehigh Valley Railroad Company,* 94 N. J. L. 236.

We think our new enactments should be liberally construed with a view of reducing the labor and expense of litigants and furthering a prompt disposition of litigation. Our construction will not permit a creditor to join in one action all or any number of his debtors. That can be done only when the claims against those joined arise out of the same transaction or series of transactions and involve some common question of law or fact. This is the limitation carried by the statute. And if, even in such a situation, a joinder would be prejudicial to the interests of any one involved, the court, by virtue of the language of the statute itself, is given power to order separate trials. It had been the practice prior to these amendments to try together as one a number of separate actions brought to recover rent or rental values. This had been done by consent where neither of the parties was merely seeking delay. Now it can be done as a matter of right, subject to the power of the court to order otherwise.

The sections of the Civil Practice Act in question are applicable to actions in the Municipal Court. Municipal Court Code, §§ 15, 27.

The order appealed from is reversed, with ten dollars costs, and the motion denied, without costs.

Lazansky and Faber, JJ., concur.

Order reversed.