Frederica R. Hoyt, Plaintiff, v. Charlotte Ruge and Others, Defendants.

Supreme Court, Kings Special Term, November, 1922.

**Partition — practice — when partition of several parcels may be asked although one of the defendants is not interested in one of the parcels.**

Under section 212 of the Civil Practice Act, read in connection with section 1013 thereof, an action for the partition of three several pieces of land, in one of which the plaintiff and all the defendants are interested, and in the other two the plaintiff and some of the defendants are interested, may be brought upon a single complaint, and a motion to dismiss the same upon the ground that causes of action have been improperly united will be denied.

Motion to dismiss complaint.

*Frank G. Wild*, for plaintiff.

*Ben Weichselbaum*, for defendants Anna R. Mahnken and heirs of Henry Mahnken, deceased.

Lewis, J. This is a motion to dismiss the complaint on the ground that the causes of action have been improperly united.

The action is for partition. Three parcels of property are involved, parcel A being in the county of Kings and parcels B and C in the county of Bronx.

The plaintiff and all the defendants are interested in parcel C. Plaintiff and the defendants, except those who make this motion, are interested in parcels A and B.

The complaint alleges that one Ernest Sass died seized and possessed of the entire fee of parcels A and B and to an undivided one-half interest in parcel C; that the remaining one-half interest in parcel C was owned by one Henry Mahnken, who died intestate, leaving his widow and children, who make the motion in this proceeding to dismiss because of improper joinder of parties.

Section 1013 of the Civil Practice Act provides that where several tracts of land lying within the state are owned by the same persons no separate action for a partition shall be maintained without the consent of all the interested parties, or without the order of the court. Section 1013 was formerly rule 65 of the General Rules of Practice.

The Civil Practice Act, section 212, provides it shall not be necessary that each of the defendants be interested as to all the relief prayed for or as to every cause of action included in any proceeding against them.

This is a new section which has been the subject of discussion in *S. L. & Co. v. Bock*, 118 Misc. Rep. 756, in which Justice Cropsey

stated: " From the foregoing review of the English authorities it seems to be established that either plaintiffs or defendants may be joined where the respective claims arise out of a set of circumstances involving any common question of law or fact."

Section 212 should be read in connection with section 1013. The undoubted purpose of such section (212) was to prevent the annoyance and expense of unnecessary actions.

There is a common question of fact with regard to the respective claims and I see no valid objection to the maintenance of the action in its present form.

The motion is denied.

Ordered accordingly.