FRANCES E. KRANZER, Plaintiff, *v.* AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Defendant.

Supreme Court, Kings Special Term, May 4, 1925.

Costs — right to costs — plaintiff litigating eight causes of action, actually tried one and stipulated that same verdict be directed in seven other similar actions on separate fire insurance policies — plaintiff entitled to full bill of costs in each action — Civil Practice Act, § 1479, is not bar to taxation of full bill of costs in each action in absence of consolidation of actions — plaintiff only entitled to trial fee in action in which trial was had.

Plaintiff is entitled to a full bill of costs in each of eight actions upon separate fire insurance policies, though but one of the eight actions was tried, where a stipulation was agreed to that the same verdict might be directed in each of the other seven actions as was returned by the jury in the cause tried and neither party moved to procure a consolidation of the actions.

Section 1479 of the Civil Practice Act, limiting costs when several causes of action are brought instead of one, in the event that the actions are against different defendants upon the same cause of action, is not a bar to a taxation of costs in each of the eight causes of action, since the actions are predicated upon eight different policies of insurance and are not upon the same cause of action.

However, plaintiff is only entitled to a trial fee in the cause in which trial was had, since the stipulation made unnecessary separate trials.

MOTION by defendant for retaxation and cancellation of bill of costs.

*Macklin, Brown & Van Wyck* [*Matthew P. Breen* of counsel], for the plaintiff.

*William F. Purdy* [*T. A. McDonald* of counsel], for the defendant

CARSWELL, J.:

The plaintiff is the assignee of eight insurance policies, issued by four companies. The policies covered five boats owned by the plaintiff's assignor. All five boats were destroyed by fire at the same time and plaintiff brought eight actions, one on each policy, against the four insurance companies involved.

One of the actions was tried. A question of fact common to all of the actions was disposed of in that action. The attorneys stipulated that the same verdict might be directed in the other seven actions as was rendered by the jury in the case tried. The defendant now claims that the plaintiff is not entitled to a full bill of costs in each action. The defendant asserts that under sections 211 and 212 of the Civil Practice Act all of these actions could have been joined by plaintiff in one action; that section 258 of the Civil Practice Act, subdivisions 1 and 9, would have permitted such a joinder as they were actions upon contracts and arose out of the same transactions and were connected with the same subject of action.

It may be true that these causes of action could have been joined by plaintiff in the first instance and that the defendants could have procured a consolidation of the actions. (Civ. Prac. Act, §§ 211, 212, 258; *S. L. & Co., Inc.,* v. *Bock,* 118 Misc. 756; *Bossak* v. *National Surety Co.,* 205 App. Div. 707.) The fact is, however, that they were not joined by the plaintiff and the defendants did not procure a consolidation of them. Such joinder by plaintiff or the procurance of consolidation by the defendants was permissible, not mandatory. The plaintiff, therefore, is entitled to a full bill of costs in each action, unless section 1479 of the Civil Practice Act, or the stipulation of the parties, contains a bar to such a result. Section 1479 of the Civil Practice Act provides:

" Costs, when several actions are brought instead of one. Where two or more actions are brought against parties *severally liable upon the same written instrument,* including the parties to a bill of exchange or a promissory note, or otherwise *for the same cause of action,* against persons who might have been joined as defendants in one action, costs, other than disbursements, cannot be recovered, upon the final judgment, by the plaintiff, in more than one action, which shall be at his election."

It will be noted that this limitation on the right to costs, so far as pertinent to the situation herein, relates only to a bringing of two or more actions " for the same cause of action " against persons who might have been joined as defendants in one action. This view is made more apparent by a reading of the predecessor section in the Code of Civil Procedure (Code Civ. Proc. § 3231). In that section the substance is the same, but the specific reference to persons severally liable upon a written instrument is incorporated therein by a reference to another Code section. The pertinent portion of section 1479, also in the predecessor section, with which we are concerned is as follows: " where two or more actions are brought * * * for the same cause of action, against persons

who might have been joined as defendants in one action, costs, other than disbursements, cannot be recovered * * *." In the case we have before us the plaintiff has not sued on the same cause of action against separate defendants who might have been joined as party defendants in one action. He has pleaded on separate causes of action arising out of different policies or instruments against different defendants. These defendants could have moved for consolidation and made one action of the several actions, but they did not do so. Therefore, the limitation upon costs being confined to a situation where a plaintiff *upon the same cause of action* sues different defendants in different actions, although such persons might have been joined as defendants in the same action (which is not this case), plaintiff is entitled to a separate bill of costs in each action.

This result flows from the right to costs not being determined solely by whether a consolidation could have been had upon application of the defendants herein, or whether or not a single action, upon different counts, could have been brought against all the defendants jointly by the plaintiff. To bar costs in each action, where no joinder is in fact had, the additional element must exist that the different actions, separately brought, must be against different defendants, *upon the same cause of action*. Here they are upon different policies and, therefore, are not upon the same cause of action. So much of *Moosbrugger* v. *Kaufman* (7 App. Div. 380) as has not been overruled (*Root* v. *International Rys. Co.*, 185 id. 191, 193) is not to the contrary. There plaintiff was suing upon a single cause of action arising from a single state of facts based upon the same claimed statutory liability owing to him by fourteen defendants. Here the liability is based upon eight different policies. The cases of *Levin* v. *Haas* (25 Hun, 266); *Pratt* v. *Allen* (19 How. Pr. 450), and *Quin* v. *Bowe* (11 Abb. N. C. 115) are not to the contrary. Each of these actions is founded upon the same instrument, therefore, coming within the express language of section 1479 of the Civil Practice Act, " parties severally liable upon the same written instrument," and is upon the same cause of action and connected with the same instrument.

This makes it necessary to determine what effect should be given to the stipulation. The stipulation made unnecessary a separate trial of each action; therefore a trial fee may not be had in other than the one action in which a trial was had. Accordingly, the trial fee should be eliminated from the bill of costs in each action except the one where the trial was had as a matter of actual fact. (*Hildebrant* v. *Crawford*, 6 Lans. 502.)

Motion is denied except as to the extent indicated.