BLANCHARD
v.
MYERS.

BLANCHARD *against* COR. MYERS.

An execution was issued by a justice of the peace, within thirty days after the judgment, and the same was levied on the goods of the defendant, and the constable took security for their forthcoming, at a certain day; and, afterwards, before the expiration of thirty days, and before the day fixed by the constable, a certiorari was regularly issued and served on the justice. It was held that a certiorari does not operate as a supersedeas or stay of proceedings, where the execution is levied before the allowance of such certiorari.

IN error from the court of common pleas of *Greene* county. *Blanchard* brought an action of trespass on the case against *Myers*, in the court below. The declaration stated, that the plaintiff, being one of the constables of the town of *Cairo*, in the county of *Greene*, received from a justice of the peace, an execution against *Tobias Myers*, the 30th of *January*, 1811, by which he was commanded to levy the amount of the goods, &c. of *Tobias Myers*, and that he accordingly by virtue of the execution, seized certain goods of *T. Myers*, on the same day; and that after the seizure, the defendant, in consideration of the plaintiff's delivering the same property into the custody of the defendant, promised, by a certain engagement in writing, to deliver the said property, at the house of one R. B. on the 20th of *February*, then next; but that he did not deliver it on that day, or at any other time, wherefore, &c.

The defendant pleaded *non assumpsit*, with notice.

At the trial, the defendant offered to prove that a *certiorari* on the judgment before the justice, was regularly issued from this court, the 14th of *February*, 1811, and served on the justice the same day. The evidence was objected to; but admitted by the court.

It was admitted, that the plaintiff, in the suit before the justice, did not offer to give security to the justice, after the *certiorari* had been issued; and that the property was, at the time of the seizure, and ever since has been, in the possession of *Tobias Myers*, the defendant against whom the execution was issued.

The court below charged the jury, that the *certiorari* was a stay of all proceedings from the time it was served, and that it excused the defendant, in not delivering the property pursuant to the receipt he had given. The jury accordingly found a verdict for the defendant. A bill of exceptions was tendered to the opinion of the court, on which a writ of error was brought to this court.

*Powel,* for the plaintiff in error.

*E. Williams,* contra.

*Per Curiam.* A *certiorari* allowed after execution begun to be executed by the constable, is no *supersedeas* to the execution. The same rule applies to cases arising under justices' judgments and executions, which exists as to other courts, when a regular writ of error is allowed; and it is well settled that the allowance of a writ of error, after the sheriff has levied under a *fi. fa.* is no *supersedeas* to it. (*Meriton* v. *Stevens, Willes's Rep.* 271.) Here the levy was made before the allowance of the *certiorari*, and the issuing the execution within the thirty days, and the constable taking security that the goods levied on should be forthcoming at a certain day, did not affect the application of the rule.

The decision of the court below was, consequently, erroneous, and the judgment must be reversed.

Judgment reversed.