By the Courts Cowen, J.
The proof was sufficient to establish the claim of the plaintiff below in the first instance. The defendant had omitted to make return of the execution within five days after the return day, as required by 2 R. S. 182, 2d ed. § 157,—p. 253, 1st ed. ; the consequence of which was, that he became liable for the whole debt with interest. That this section extends to constables of the city of Brooklyn, is not denied. (See Sess. Laws of ’30, p. 82, in connection with Sess Laws of ’27, p. 146. See also Sess. Laws of ’31, p. 343.)
Both parties also concur that the 2 R. S. 185, § 176, 2d ed. has no application. That relates to a certificate of a certiorari being served, &c., which may, when accompanied with certain other steps, suspend the execution. This is evidently confined to a certiorari from the court of common pleas, authorized by the general act concerning justices’ courts. The present writ is under a provision of the 2 R. L. of 1813, p. 396, § 143, concerning the justices’ courts of the city of New-York ; the provision being made applicable to the village of Brooklyn by Sess. Laws of 1827, p. 148, § 61, and to the city of Brooklyn by Sess, Laws of 1834, p. 114, § 66.
The evidence below respecting the certificate may therefore be laid out of view. There is no doubt that the constable had actual notice of the writ, though this was after the making of the *241 levy. Indeed the writ was not served till after the levy. It does not appear that any security was given by the plaintiff in the original judgment, such as by a provision in the 143d section —-the one in question—would avoid the stay of execution.
In short, the question is the same as it stood on the old twenty-five dollar act, (1 R. L. of 1813, p. 396, § 17,) of which the section in the city law is nearly a transcript; or rather, it is a question what would be the effect of a certiorari at common law, and independent of any statute. The execution not being issued when the certiorari comes, it stays the proceedings. (Bac. Abr. Certiorari (G) ; Blanchard v. Myers, 9 John. Rep. 66.) In the case cited however, it was directly held that if the execution have gone on to an actual levy, before the certiorari is served, proceedings will not be stayed by it in the constable’s hands. This decision was made while the statute of 1801, (1 R. L. 501, § 19,) was in force, the provision of which, in regard to the effect of a certiorari to a justice’s court, was the same as that now in question. It was held not to interfere with the common law rule. That decision has never been overruled nor even questioned ; but it was recognized and acted upon in Kinnie v. Whitford, (17 John. 34.) In both the cases decided here, the effect was considered the same as that of a writ of error coram, volis at the common law, before the statute of bail. In both, the execution was stayed if the writ came before levy, but not if it came afterwards. The slight modification of this distinction introduced under the statute concerning writs of error, viz. that they should not be a stay without bail, and the rule of practice allowing four days under that statute to give bail and even supersede a levy, have no relation to the effect of this certiorari; nor by parity have they any relation to the effect of a certiorari to remove a cause decided under the old twenty-five dollar act. No bail was necessary to work a stay of execution in either case before levy; and, bail or no bail, the writ became inefficient as a stay after levy. Both must be regarded in this respect as on the precise footing of a writ of error coram volis at common law, as wag *242 held in the two cases cited, by which the distinction is fully and clearly illustrated.
I have said thus much because it is now strenuously insisted that the cases cited were overruled by The People v. The New York Com. Pleas, (1 Wend. 81.) The decision in this case was, that on a writ of error and bail within four days after judgment, the court will order the supersedeas of an execution though it be levied. The same thing had been in effect often held before, and it was reserved for the then reporter, as it appears by his note at p. 82, to discover that such holding was in necessary conflict with Blanchard v. Myers. The cases of Blunt v. Greenwood, (1 Cowen, 15,) and Jackson ex dem. Bogert v. Schauber, (7 Cowen, 417, 490,) on the latter of which the case in 1 Wend, proceded, show that in the peculiar case of a writ of error with bail, the courts have, as matter of practice, given an effect to such writ slightly beyond what it had at common law. Not that the writ with bail has intrinsically any greater force than it had at common law; but the court might and did, under proper circumstances, interfere summarily on motion, and thus, due security being given, prevent a change of the fund until a decision could be had in the court of error. Indeed the practice in this peculiar case having become settled, it would have been deemed irregular to follow out the levy, where a writ of error had been brought, and bail given within the four days. (Jackson ex dem Bogert v. Schauber, 7 Cowen, 490.) It is entirely obvious, however, that nothing of all this bears in the least on writs of certiorari. The principle of Blanchard v. Myers therefore remains, and should have been received as governing the decision of the municipal court. According to that case, it was not only the right, but the duty of the defendant below, to proceed on the execution and make return, notwithstanding the certiorari. Not having done so, he was liable to pay the amount of the judgment, with interest, to the plaintiff below, for which judgment should have been *243 rendered in his favor. In rendering judgment for the defendant, the court below erred, and the judgment should be reversed.
Judgment reversed.