## LOW *et al. v.* ADAMS.

The remedy by attachment is not a distinct proceeding, in the nature of an action *in rem*, but is a proceeding auxiliary to an action at law, designed to secure the payment of any judgment the plaintiff may obtain.

It follows that the bond given to release property attached, only releases it from the custody of the sheriff, and is not an actual substitution of security, compelling the plaintiff to proceed upon the bond alone to collect his judgment.

The perfecting an appeal does not release the lien acquired by docketing the judgment.

The judgment debtor cannot set up errors in docketing the judgment as destroying its lien, when the property has been sold on execution under the judgment; if the property sold is his, the levy operated as a lien; if not, he has no right to complain.

Where judgment is taken jointly against two defendants, it makes no difference, so far as they are concerned, whether the sheriff first levied on joint property or not.

The time in which a sheriff makes return to an execution, does not affect the validity of the execution, or of a sale under it.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

The plaintiffs brought an action of *assumpsit* against the defendants, Adams & Farrish, and sued out a writ of attachment. Defendants gave bond and released the property. Plaintiffs obtained judgment against defendants in the Court below, December 23d, 1853, which was the same day docketed. The defendants appealed to this Court, where the judgment was affirmed, with twenty per cent. damages, July 17th, 1854, and a remittitur issued August 1st, 1854, under which execution was issued from the Court below on the 3d of that month, requiring the judgment of the District Court to be satisfied out of the personal property of defendants, or if insufficient, then out of any real property to them belonging on December 23d, 1853, or since; and the judgment of the Supreme Court, for damages and costs to be satisfied out of the personal, or if none be found, out of the real property of defendants. The sheriff sold under the execution certain city lots in Marysville, and all defendant's interest therein as therein directed, August 26th, 1854, on which day his return is dated. On February 19th, 1855, defendant Adams served a copy of notice of motion to quash execution and set aside the proceedings and sale under it, for the 23d of that month, which motion was overruled July 30th, 1855.

Defendant Adams appealed.

*Dunn & Hupp,* for Appellant.

1. This was a proceeding *in rem,* an action of attachment, and in derogation of the common law, and must be strictly pursued; nothing can be taken by implication. The bond allowed by the statute to release the property attached is a substitute for the attached property; as a security it takes the place of the attached property, and if the judgment is not voluntarily paid, the remedy of the plaintiff below was upon that bond. They could have none other until the bond was exhausted, and the whole or any part of the judgment then left unpaid. Farnam *v.* Gilman, 11 Shep., 250; Reed *v.* Perkins, 14 Ala., 231; Snell *v.* Allen, 1 S. Swan. Tenn. R., 208; Brandon Iron Co. *v.* Gleason, 24 Verm., 238; W. S. D., vol. 1, p. 312, § 1; Beard *v.* Ward, 7 Mass., 129; Pierce *v.* Jackson, 6 Mass., 244; 5 Verm., 407; 1 Pickering, 399; Otis *v.* Warren, 16 Mass., 53; Garey *v.* Hines, 8 Ala., 837; Perkins *v.* Morrill, 6 Hump., 151; Moore *v.* Hamilton, 2 Gilman, 429.

2. There was filed in the case a supersedeas bond, when it was appealed to the Supreme Court, upon which plaintiffs below had their remedy, and were bound to pursue it; it operated as a release of the lien of the judgment, at least if the judgment ever was a lien on the property sold, and they could not again attach, until the filing and docketing of the judgment of the Supreme Court, which was not at any time properly and legally done. See authorities above cited, and hereafter cited; also Scott *v.* Allen, 1 Texas, 508; Practice Act, § 349.

3. The judgment was not a lien on the real estate sold, from the 23d day of December, A. D. 1853, because it was founded in a proceeding *in rem,* and was never legally and properly docketed. The statute

never having been complied with so as to cause or create a lien on any real estate whatever of defendants below, or either of them. Hunt v. Brading, 12 S. & R., 37; Welch v. Many, 4 Yates, 197; Buchan v. Sumner, 2 Barb. Chy. R., 165; Woodruff v. Taylor, 20 Verm., 65; Van Orman v. Phelps, 9 Barb., 500; 12 U. S. D., p. 378, § 54; Boswell v. Otis, 9 Howard's U. S. R., 336; Practice Act of California, § 305; Vance v. Johnson, 10 Hump., 214; 11 Hump., 569; Carpenter v. Martin, 5 Ala., 217; Michel v. Planters' Bank, 6 How. Miss R., 130; Brandon Iron Co. v. Gleason, 24 Verm., 228; Ridge v. Prather, 4 Blackf., 401; Tarpley v. Hamer, 9 S. & M. Miss. R., 310; Wyatt v. Beatty, 10 S. & M. Miss. R., 463; Planters' Bank v. Congor, 12 S. & M. Miss. R., 527.

4. The judgment of the Supreme Court, which was one of affirmance, also for costs and twenty per cent. damages on the amount of the judgment of the Court below, never was legally and properly docketed, so as to become a lien on any real estate of the defendants below.

5. The execution was improperly and prematurely issued, and was void, for the reasons set forth in the first, second, third and fourth points made, and also that it commanded the sheriff to levy and make more money than the judgment docketed called for; and also that it commanded the sheriff to levy upon any real estate with which defendants were seized on the 23d day of December, A. D. 1853. Wooley v. Scarborough, 5 Grat., 1; Downer v. Havey, 10 Verm., 418; Waller v. Sykes, 22 Wend., 566; Cranshaw v. Hardy, 3 Ala., 653; 14 Ala., 496; 16 Ala., 516; Page v. Coleman, 9 Porter, 201; Mann v. Dalton, 2 Carter, 309; King v. Terry, 2 Howard's Miss. R., 513; Dazy v. Orr, 1 Scam., 535; Sampson v. Hill, 13 Ired., 470; Oran v. Scellen, 15 Ala., 423; Taylor v. Dundas, 1 Wash., 94; Barrie v. Dana, 20 John., 307; Kinney v. Scott, 1 Bibb, 155.

6. The sheriff did not first, as per his return, search for joint property, as he was bound to do.

7. The sheriff made no return until after motion made to quash, except the return of the execution and the receipt thereon of Lowe and others, as can be, if permitted, shown and proved.

*Stephen J. Field* for Respondent.

I. The first point of the appellant is not well taken; the action is not a proceeding *in rem.* The attachment of property is merely as security for any judgment that may be recovered. See Practice Act, § 120; 1 Swan. Tenn. R., 211.

The undertaking or bond given was not a substitute for the property attached, and this bond could only be prosecuted in case the execution was returned unsatisfied in whole or in part. Practice Act, §§ 134 and 123.

II. The second point of the appellant is not well taken. An appeal bond to the Supreme Court only stays the execution; it, in no respect, affects the lien of a judgment. See Practice Act, §§ 349 and 204.

III. The third point of the appellant is not well taken. The judg-

ment was regularly docketed. As to the appellant, Adams, there can be no question of the docketing, and as to the defendant, Farish, (who does not appeal) there can hardly arise a doubt; but if there were a doubt, so far as he is concerned, it will be time to consider of it when he appeals. Besides, what right has a defendant to raise any question as to the docket? The object of the docketing is to give notice to creditors and purchasers of the existence of a lien, not to the defendant. If the defendant owned the property sold, at the time of the levy of the execution, he cannot object; and if he did not own it, what right has he to complain?

IV. The fourth point of the appellant is frivolous. The execution, when there is no docketing of a judgment, becomes a lien only from the time of the levy; and so far as the judgment for the costs and damages in the Supreme Court are concerned, it is not pretended that a lien was created in this case until a levy.

V. As to the fifth point of the appellant, the respondents refer the Court to the case of Marysville *v.* Buchanan, 3 Cal., 212 *et seq.*

1. That the execution was not improperly or prematurely issued.

2. That it did not command the sheriff to levy more money than was called for.

3. That the judgment of the District Court was a lien, and the statute had been complied with, and the execution only directed a levy upon real property possessed by the defendants at the time the judgment of the District Court was docketed, December 23, 1853, for the amount of such judgment.

4. That the execution did not command things to be done unsupported by the judgment.

VI. The sixth point of the appellant is without force. There is nothing in the record to show that the property levied upon was or was not joint property, and it is of no consequence whether it was joint or individual property. The defendant cannot object that it is individual property.

VII. The seventh point of the appellant is frivolous. What has the time in which the sheriff makes his return to do with the validity of an execution or sale under it?

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

This is an appeal from an order of the Court below, denying a motion to set aside an execution, levy, and sale.

The plaintiffs brought an action of *assumpsit* against Adams and Farrish, and sued out an attachment. After the execution of the writ, the property seized was released, the defendant giving bond, under the provisions of the Act. The plaintiffs obtained a judgment, which was affirmed by this Court. Execution was issued from the Court below, was levied, and the property sold. After the expiration of the time of redemption, Adams, one of the defendants, filed his motion to quash the proceedings, on the ground of informality.

The first error assigned is, that the remedy by attachment is a pro-

ceeding *in rem*, and the plaintiff must look to the bond, which, it is contended, releases the attached property, and is substituted instead thereof by the statute. This is not the case. The remedy by attachment is not a distinct proceeding, in the nature of an action *in rem*, but is an adjunct, or a proceeding auxiliary to the action at law, designed for the purpose of securing the property of the debtor, to answer the judgment which may be obtained. This is apparent from the language of the statute, which provides " that the plaintiff, at the time of issuing the summons, or at any time thereafter, may have the property of the defendant attached, as security for the judgment," etc. (Sec. 120, Prac. Act.) That the bond only operated to release the property from the custody of the sheriff, pending the suit, and was not an actual substitution of security, is apparent from the one hundred and thirty-fourth section of the Practice Act, which provides that the plaintiff may proceed upon undertaking, if the execution is returned unsatisfied.

The second point, that the appeal bond operated a release of the lien acquired by docketing the judgment in the Court below, is not well taken. The appeal only stayed the execution, and did not impair the lien.

The third error assigned is, that the judgment was not properly docketed. The record shows, at least so far as Adams, the party now before the Court, is concerned, the proceeding was regular in all its parts. In fact, we do not see how the objection would avail the defendant, even were it true, in point of fact, that the judgment had never been docketed. It was either his, or it was not, at the time of the levy. If it was, the levy operated as a lien; if not his property, then he has no right to complain.

The fourth and fifth points are not well taken. The execution for costs became a lien, from the date of the levy, and was issued in strict conformity with the provisions of the statute.

To the sixth and seventh errors assigned, it is only necessary to say that the record does not show that the property levied on was not joint; that if it was not, it would make no difference under our statute, so far as the defendants are concerned, both of whom were served; and that the time in which a sheriff makes his return to an execution, has nothing to do with the validity of the execution, or of a sale under it.

Judgment affirmed.