THE NORTH WESTERN EXPRESS COMPANY, Plaintiffs in Error *vs.* PETER LANDES, Defendant in Error.

ERROR TO THE DISTRICT COURT OF WASHINGTON COUNTY.

The issuance of a writ of error and putting in bail did not operate as a *supersedeas*, or even stay of execution which had been levied before the issuance of the writ, but the sheriff could proceed to a sale as if no writ of error had been sued out. Our statute (*Stats. of Minn., p.* 623-4, *sec.* 25,) provides a stay of execution in case of writ of error and bond, but the stay does not supersede the execution so as to annul what has been done under it; it simply checks the sheriff from proceeding further. The sheriff may retain the property levied upon until the decision of the Court above, or the order of the Court.

Judgment had been rendered in the Court below against Plaintiffs in Error, execution issued, and levied upon their personal property. The Defendants sued out a writ of error, and filed a bond as a supersedeas. Upon service of the writ and filing the bond, they demanded a release of the property from the effects of the levy. The sheriff refusing to deliver, the Plaintiffs in Error obtained a rule in this Court, upon the sheriff, to show cause why the property should not be released.

The Respondent moves the Court to quash the rule—

1. Because, as to the first part of the rule, this Court has no jurisdiction of the subject matter. If the Plaintiff in Error would have restitution of the goods levied, he should have applied to the Court below.

The North Western Express Company v. Landes.

2. Because, if this Court has jurisdiction, nothing is shown entitling Plaintiffs in Error to restitution ; on the contrary, it appears affirmatively, they are not entitled to restitution.

3. Because it does not appear that the Respondent has omitted to do any act which by law, or the process or command of this Court, he is required to do, or that he has done any act the doing whereof he was required by law, or the process or command of this Court, to abstain from doing.

4. Because it appears by the affidavit on which the rule is founded, affirmatively, that the Respondent was and is proceeding in the strict line of his official duty, in obedience to the law and the process of this Court ; and nothing appears from the affidavit which should put the Respondent to answer or show cause as to any matter stated in the rule. *Minn. Stats.* 623 *and* 624, *secs.* 23, 24, 25 *and* 30.

A writ of error operates as a supersedeas from the time of filing the bond ; and if no sale has been made by the sheriff on execution, it stays him from doing so. *Stat. vs. Page*, 1 *Har. and J.*, 475. See *Whetcroft vs. Drew*, 1 *Har. and J.*, 482 ; *Johnson vs. Goldsborough*, 1 *Har. and J.*, 499 ; *Arnold vs. Fuller*, 1 *Ham.*, 458 ; *Kinnie vs. Whitford*, 17 *Johns.*, 34 ; *Blanchard vs. Myers*, 9 *Johns.*, 66 ; *Slusser vs. Chapline*, 4 *Har., and McHenry*, 221 ; *Beatty vs. Chapline*, 2 *Har. and J.*, 7 ; *Brougham vs. Clapp*, 6 *Cow.*, 611 ; *Ferris vs. Douglass*, 20 *Wend.*, 626 ; *Delafield vs. Sandford*, 3 *Hill*, 473 ; *People vs. Judges of N. Y. C. P.* 1 *Wend.*, 81 ; 7 *Cow.*, 412, 417, *and* 419 ; *Brisban vs. Coines*, 11 *Johns.*, 197 ; *Craig vs. Scott*, 1 *Wend.*, 35 ; *Davis vs. Hood*, 13 *Penn. State R.*, 1 *Harris*, 171 ; 2 *Durnf. & East.*, 45 ; *Meriton vs. Stevens*, *Willes R.*, 27 ; *Barnes*, 305., 3 *Minn.*, 207, 222.

Van Etten and Officer, Counsel for Plaintiffs in Error.

W. H. Burt, Counsel for Defendant in Error.

*By the Court*—Flandrau, J.—The issuance of a writ of error and putting in bail did not operate as a supersedeas, or even stay of an execution, which had been levied before the issuance of the writ, but the sheriff could proceed to a sale as if no writ of error had been sued out. *Blanchard vs.*

*Myers,* 9 *Johns.,* 66 ; *Merriton vs. Stevens, Willes's Rep.,* 271; *Kinnie vs. Whitford,* 17 *Johns.* 34 ; *Delafield vs. Sandford,* 3 *Hill,* 473 ; *Graham's Practice,* 334-5. The statute of this State concerning the effect of a writ of error and bond upon an execution, is as follows : "No execution shall be issued thereafter upon the judgment complained of during the pending (pendency) of the writ of error, and if execution shall have been already issued, the clerk shall make and sign a certificate of the issuing of the writ of error and the filing of the bond; and after notice of such certificate to the officer holding such execution, all further proceedings thereon shall be stayed. *Comp. Stats.,* 623-4, *sec.* 25. The notice or certificate issued by the clerk in this case was not, perhaps, exactly what the statute contemplates, but as it conveyed notice to the sheriff that a writ of error had issued and bond been filed, it was sufficient to stay the execution.

The stay contemplated by the act does not supersede the execution so as to annul what has been done under it, but simply checks the sheriff from proceeding further. The sheriff may retain the property levied upon until the decision of the Court above, or the order of the Court.

The motion is denied, and sheriff discharged.