## MARK R. BACON, PLAINTIFF IN ERROR, VS. L. N. GREEN, DEFENDANT IN ERROR.

1. At common law a supersedeas, in order to stay proceedings on an execution, must be perfected before the issuance and levy of the execution ; and where a sheriff made a levy before a supersedeas attached, he was required to proceed to sell without regard to the subsequent allowance of the supersedeas. The effect of the statute (R. S. §1272) providing that the allowance and perfection of a supersedeas shall suspend all further proceedings in relation to the judgment, is to change the common law rule requiring or permitting a sale of property after the perfection of the supersedeas, though the levy should be made before the allowance of such writ.

2. A supersedeas has the effect to suspend all further proceedings in relation to a judgment superseded, but it does not, like a reversal, annul it. The supersedeas being preventive in its nature, does not set aside what the trial court has adjudicated, but stays further proceedings in relation to the judgment until the appellate court acts thereon.

3. Where personal property has been seized under a writ of attachment issued in a suit at law, and remains in the hands of the sheriff without being replevied, and after the attachment has been sustained on a traverse of the affidavit, such property still remaining in the hands of the sheriff, is specifically condemned, by final judgment rendered for the plaintiff, to be sold to pay the judgment, a supersedeas perfected on a writ of error from the judgment will not have the effect to restore the property, in the hands of the sheriff and condemned to be sold, to the plaintiff in error.

Writ of Error to the Circuit Court for Marion county.

## STATEMENT.

In 1888 L. N. Green instituted an action of assumpsit against Delos H. Bacon, Adolphus H. Bacon and Mark R. Bacon, in the Circuit Court for Marion county, and on the 26th day of October of that year a writ of attachment was issued in said suit and was levied upon an undivided one half interest in six abstract books, Walton's system, and three tables then in the office of the Bacon & Adams Abstract Company, as the property of defendant, Mark R. Bacon. Upon the levy of the attachment the sheriff took the property into his custody. Mark R. Bacon filed a traverse of the affidavit for the writ of attachment, and also pleas to the declaration. Issues were made on the pleas, but it is not material to the present proceedings that special notice be taken of the action of the court on the pleas. A trial on the traverse of the attachment affidavit resulted in a verdict favorable to the plaintiff during a term of the court held in October, 1889, and the cause on the main issues was continued for the term. At a term of court held in October, 1890, plaintiff obtained a verdict against defendant Mark R. Bacon for $1,949.91, and judgment was entered on the 18th day of said month for said sum and costs, and it was also ordered, considered and adjudged by the court that the property levied on under the writ of attachment issued in the cause be condemned to be sold in satisfaction of said judgment according to the laws of Florida and the rules of court in such case provided. The defendant Mark R. Bacon sued out a writ of error on the 26th day of May, 1891, to the judgment rendered against him, and on the 21st day of November, 1892, it was ordered by this court that the said writ of error operate as a supersedeas to

the said judgment against Bacon upon his filing in the office of the Clerk of the Circuit Court for Marion county a bond in a sum sufficient to cover the amount for which said judgment was rendered, together with costs, and conditioned and approved in accordance with the requirements of section 1272 of the Revised Statutes. On the 18th day of June, 1894, the plaintiff in error, Mark R. Bacon, filed in this court a petition against B. DuPre Hodge, sheriff of Marion county, L. N. Green and C. E. Conner, asking for a rule requiring them to show cause why they should not be adjudged in contempt of this court for violating the supersedeas granted in said cause. A rule *nisi* was granted on the petition, and our action now will be confined to the questions arising under the rule.

The rule *nisi*, embodying the allegations of the petition, alleges that L. N. Green obtained a judgment against Mark R. Bacon in November, 1890, for $1,-949.91, and that on the 21st day of November, 1892, the order of supersedeas to said judgment above recited was granted, and that on the 26th day of that month a bond was executed and filed in accordance with the order of supersedeas, all of which was known to Hodge, Green and Conner; that notwithstanding said supersedeas Hodge, sheriff of Marion county, acting under and by the advice of L. N. Green, plaintiff in said cause, on the 27th day of November, 1893, entered the office of the Marion County Abstract Company, in Ocala, Florida, of which company Mark R. Bacon was a member, and in the property of which he then had and still has an undivided one-half interest, and did then without the consent of Bacon seize and take possession of his interest in the property of said abstract company, including—among other things—certain abstract books and blotters containing trans-

fers from the public records of said county, and that
said seizure was pretended to be made by virtue of
proceedings theretofore had in the said cause, all of
which had been and was then superseded under the
said order of court made on the 21st day of November,
1892 ; that after said seizure the said sheriff refused
and still refuses to allow Bacon or any one in his be-
half to have any access to said books, blotters or other
property taken and held by him as said sheriff ; and
that the other one-half interest in the said property of
said company was owned wholly or in part by the wife
of C. E. Conner, who was then acting or pretending to
act for her.   It is further alleged that Hodge, as sher-
iff aforesaid, had placed the said half interest of Bacon
in said books and blotters into the custody of C. E.
Conner, who holds them, and who refuses to make any
account of the profits arising from the use of said
books from the 27th day of November, 1893, to Bacon,
or to allow him to share in said profits, or have any
management or control of said books and blotters.
There is also an allegation that Conner, acting for said
sheriff, had made copies of said books, or portions of
them, which he claimed to be his private property, and
that he had failed and neglected to transfer convey-
ances of record to the old books, but had entered them
in the new books, all which was calculated to render
the interest of said Bacon in said books valueless.

L. N. Green, in answer to the rule *nisi*, says that as
shown by the record in the cause the writ of attach-
ment issued thereon was levied by E. T. Williams,
sheriff of Marion county, on the 26th day of October,
1888, upon the interest of Mark R. Bacon in the books
and blotters mentioned in the rule, and said interest
was taken by the sheriff into his custody and control;
that from the day said writ of attachment was levied

upon said books and blotters until now, neither Bacon,
nor any one for him, has retaken possession of the
property levied upon by action of replevin, or by giv-
ing a forth-coming bond, or by any method provided
by law, and that the same has remained in the custody
and control of the sheriff of Marion county, or his duly
authorized agent, under the writ of attachment which
was sustained upon the trial of the issue raised there-
on. Further, that after a final judgment had been
rendered in the cause, and on the 5th day of Novem-
ber, 1890, an execution was issued upon said judgment
and was levied by the sheriff on the 10th day of the
same month upon the property covered by the attach-
ment, and that thereafter the order for supersedeas
was granted and bond executed in compliance there-
with ; that upon filing said bond the sheriff of Marion
county ceased further proceedings towards selling said
property which had been advertised for sale, being ad-
vised that he had no right to sell after the execution
of the bond which caused the writ of error to operate
as a supersedeas. It is further alleged that sometime
during the year 1893 he (Green) heard that Bacon had
arrived in Ocala and was trying to dispose of his in-
terest in said books and blotters, and that he (Green)
informed Hodge, the successor of Williams, of what
he had heard, and that he was of the opinion that if
Bacon was permitted to get possession and dispose of
said books to a *bona fide* purchaser, the said lien of
the attachment would be lost, and all chance of satis-
fying the judgment against Bacon, or, in event the
judgment should be reversed, of recovering the amount
due him (Green) by said Bacon, would be gone; that
since the judgment was obtained Bacon had married
and was the head of a family. Green denies that he
ever advised or instructed Hodge to seize and take

charge of the interest of Bacon in said abstract books against his wishes, or to keep him out of possession thereof, and avers that he never so advised him, and that Bacon was so informed by him (Green) prior to the issuance of the rule. He admits that at all times he has objected to the sheriff permitting Bacon or his agents to take possession of said abstract books until he should execute a good forth-coming bond, or obtain possession thereof by some process known to the law, and that if this objection and protestation on his part constitutes a contempt of court, it was not so intended; that it was, and still is, his honest intention to retain any and all chances he thinks himself legally entitled to, in order to recover the amount of his judgment against Bacon, believing that if by any means the lien secured by the writ of attachment should be lost, and in the event of. a reversal of the judgment of the lower court, there would be little or no use proceeding to recover the amount due him, and that his objections were made with the honest belief that the sheriff was entitled to the custody and control of said abstract books.

Sheriff Hodge answers in substance that he, as the successor of E. T. Williams, former sheriff, is informed that the said interest of Bacon in the abstract books since the levy of the attachment in the cause has been in charge of a person acting under the authority of said former sheriff, and he denies that on the 27th day of November, 1893, or at any time, he seized and took charge and possession of the said interest of Bacon in said books as he has alleged; that sometime in November, 1893, he was notified in writing by L. N. Green that the latter would hold him as sheriff responsible for any loss of security by reason of Bacon's taking and selling his interest in said books levied on

under the judgment; that upon investigation he ascertained that the said interest of Bacon had since the levy of the attachment been in charge of a person acting under the authority of the sheriff, and that acting upon legal advice, and with no intention to disregard the writ or process of this court, but striving to do what he was advised to be his duty in the premises, he appointed Conner, who was in possession of said books by virtue of owning an undivided half interest in the same, to retain custody of the interest in the books levied on pending the litigation, and that if Conner has denied Bacon access to said books, or has made transfers from them to new books, or has failed to transfer conveyances of record to said books, he (the said sheriff) knew nothing of it, and that if said Conner so acted, it was not due to any advice, direction or instruction from him, and that in all such matters Conner acted as owner of a half interest in said books in his own right as owner. Hodge submits to the court whether, under the facts of the case, the said supersedeas bond executed by Bacon entitles him to the custody of his said interest in said books, and whether he, as sheriff, is authorized to relinquish possession and control of the same, and disclaiming any intention to commit a contempt of the process of this court, expresses a willingness to obey its orders in the premises.

Conner admits that he was in custody of the half interest of Bacon in the abstract books, but alleges that he holds them under authority of Sheriff Hodge. He denies that he has made transfers from the abstract books seized by the sheriff, or that he has refused to allow Bacon to examine the books. Other allegations are made by Conner, but it is not deemed necessary to refer to them in disposing of the matters before us.

The answers have been demurred to on the ground that the effect of the supersedeas perfected in the cause was to restore the property levied on to the defendant in execution.

*Hugh E. Miller* and *John E. Sickles*, for Plaintiff in Error.

*Louen N. Green in pro per*, for Defendant in Error.

MABRY, J.:

From the record before us it is made to appear that the attachment issued in the suit of L. N. Green against Mark R. Bacon et al. was levied upon Bacon's interest in certain abstract books, and upon a traverse of the affidavit for the attachment the latter was sustained. It is further made to appear that a final judgment was subsequently rendered in Green's favor and the property attached condemned to be sold to pay said judgment, and also that an execution had been issued and levied upon the property attached before the supersedeas was perfected by executing the required bond. After the supersedeas bond was filed the sheriff suspended further proceedings under the execution, but still retains possession of the property seized under the attachment writ and condemned to be sold to pay the judgment. No new process was issued after the perfection of the supersedeas, and no further proceedings were had by the sheriff under the judgment except to retain the property which had been in custody since the date of the levy of the attachment writ. The common-law rule is that a supersedeas, in order to stay proceedings on an execution, must be perfected before the issuance and levy of the execution, and

where a sheriff has made a levy before the supersedeas attaches, he must proceed to sell without regard to a subsequent allowance of such writ. Meriton vs. Stevens, Willes' Rep. 271; Boyle vs. Zacharie, 6 Peters, 648; North Western Express Co. vs. Landes, 6 Minn. 564. Our statute provides when a writ of error shall operate as a supersedeas as of course, and when it shall operate as a supersedeas only by virtue of a special order made for that purpose. When such order is made, as was done in the case before us, and bond given, the clerk, or judge if there be no clerk, shall endorse on the writ of error that it shall be a supersedeas, and the further provision of the statute is, that "the said writ and endorsement shall be obeyed as such, suspending all further proceedings in relation to said judgment, in and by the officers of the said court below." R. S. sec. 1272. The statute in force on the subject prior to the adoption of the revision was substantially the same as above. Thompson's Digest, page 447, sec. 4. The provision of the statute as to the supersedeas suspending all further proceedings in relation to the judgment has the effect, in our opinion, to change the common-law rule as to a sale under an execution levied, but not completed by actual sale, before supersedeas perfected. The common-law theory that the levy and sale under an execution are indivisable, and the execution must be regarded as executed from the time of levy, is overcome by the provision of our statute that the supersedeas suspends all further proceedings in relation to the judgment. The sale under an execution emanating from the judgment would be a further proceeding in relation to the judgment, within the meaning of the statute.

Counsel for the rule contend that the effect of the supersedeas is not only to suspend all further proceedings in relation to the judgment; but to restore the property levied upon under the execution to plaintiff in error, and that the supersedeas bond affords the relief or security to defendant in error in case he sustains damage for a wrongful prosecution of the writ. The record before us on which the supersedeas was granted does not present a case of a simple personal judgment from which an execution had issued and was levied upon personal property. Along with the action of assumpsit the plaintiff below sued out an attachment which was levied upon property which was condemned by the judgment of the court to pay the recovery had in the cause. Our statute provides for the replevy of personal property seized under an attachment, or the giving of a forthcoming bond to the officer making the levy, but nothing of the kind was done in this case. The property attached remained in the custody of the law in the hands of the sheriff until condemned by the judgment of the court to be sold to pay the debt. The levy of the attachment upon the property of the defendant below gave the plaintiff a specific lien upon it, subject to pre-existing liens if any existed, and no forthcoming bond or replevy having been made of the property the plaintiff acquired an adjudicated right to have the specific property seized, sold to pay the judgment obtained in the cause. Zinn, Aldrich *et al.* vs. Dzialynski, 14 Fla. 187.

A supersedeas has the effect to suspend all further proceedings in relation to the judgment, but it does not, like a reversal, annul it. Being preventive in its effect, it does not undo or set aside what the trial court has adjudicated, but simply stays *further proceedings* in relation to the judgment appealed from

until the appellate court acts upon the decision of the lower court.    Until reversed the judgment will be binding upon the parties as to every question directly decided.    Nill vs. Comparet, 16 Ind. 107; Randles vs. Randles, 67 Ind. 434; Runyon vs. Bennett, 4 Dana, 599; Curtis vs. Root, 28 Ill. 367; Low vs. Adams, 6 Cal. 277.    Applying this rule to the facts before us we do not think that a supersedeas will have the effect to restore to the plaintiff in error personal property attached and not replevied, and thereby brought into the custody of the law, and condemned by the judgment of the court to pay the debt recovered, since to give it such effect, would be to undo what had been expressly adjudicated by the trial court.    The defendant below had the right under the statute to release the property from the custody of the sheriff by a replevy or forthcoming bond, but not having done so the property was subject to be appropriated by the judgment of the court to pay plaintiff's demand, and this is what the court did in reference to the property mentioned.

In the case of State vs. Johnson, 13 Fla. 33, a receiver was appointed by an interlocutory order, from which an appeal was taken and supersedeas allowed. In speaking of the effect of the supersedeas the court says:    "It does not make unlawful an act done in pursuance of the order before the appeal was taken, but it forbids the court and its officers further to act.    No new rights having been created, and the duties of the receiver having been superseded, the bond standing in the place of the property in his hands, and he having been notified thereof by proper process, it was his duty to restore that which had come to his hands, to the parties from whom it had been taken and withheld; for his authorty to take, being inoperative by the sus-

pension, his authority to hold was equally so, both being derived from the same order." The court says in the same connection: "We have seen that the effect of a supersedeas, upon a final decree, depended on what had been done in pursuance of it. A final decree is supposed to be pronounced with deliberation, upon competent proofs, and with due notice to parties. Hence, new rights, duties and interests may be created which become fixed and irrevocable; but it is not so of an interlocutory order, made at the outset, and perhaps before the parties having large interests at stake are summoned, or even before they suspect the attack of the complaining party." The statutory condition of the supersedeas bond in case of a money judgment is, to pay the amount of the judgment with interest and costs, if the same be affirmed by the appellate court. The property attached and not replevied as provided by the statute will remain subject to the final determination of the cause in case of a reversal of the judgment here, and according to the condition of the supersedeas bond it would not secure the forth-coming of the property attached in case it is released by the sheriff pending the writ of error. Our view is that personal property attached, and not replevied, and condemned by the judgment of the court to pay the sum recovered by the plaintiff below will not be restored to the possession of the plaintiff in error by virtue of a supersedeas granted on the final judgment rendered in the cause. To give it such effect would be to undo what had been expressly determined by the trial court. We do not understand that the case of People vs. Judges, 1 Wend. 81, is in conflict with our conclusion. The defendant had four days after judgment rendered in which to sue out a writ of error and perfect a supersedeas, and while the plaintiff below

had the right to sue out execution within the four days, yet it was subject to the statutory right of the defendant to perfect the supersedeas within the time mentioned. Defendant having perfected his supersedeas within the time allowed by statute, was entitled to be protected from the enforcement of the judgment until the determination of the suit in the appellate court. We have no such question in the case before us.

The result is that, as shown by the answers to the rule *nisi*, and which must be considered as true on the demurrer thereto, the sheriff of Marion county was justified in retaining the property seized under the writ of attachment and condemned to pay the judgment of the court in favor of the plaintiff below, notwithstanding the supersedeas granted, and an order will therefore be made overruling the demurrer of plaintiff in error.