HENRY W. REESE, PLAINTIFF IN ERROR, VS. JOSEPH DAM-ATO, DEFENDANT IN ERROR.

No. 2.

1. A writ of error will not, upon the suggestion of the defendant in error, be dismissed on the ground that the transcript of the record shows no jurisdiction in the court below because the original affidavit for attachment was not embraced therein, where it contains the amended affidavit for attachment, defendant's traverse thereof, the trial, verdict and judgment for defendant, as directed by plaintiff in error, and no additional directions for making up the record were given by defendant.

2. A defendant in error in a common law proceeding is not entitled to assign or have the appellate court consider alleged errors in the proceedings committed against him by the trial court.

3. If an appellate court tries the cause de novo, enters its own judgment upon such trial and enforces such judgment by its own process, writ of error therefrom will while pending prevent the judgment from which it was taken, being used as an estoppel; but where the court issuing the writ of error does not try the cause de novo, but upon the record upon errors assigned, having power to affirm, reverse or modify the judgment appealed from or to enter its own judgment upon the case made by the record

alone, even though it possesses power to enforce it by its own process, such writ of error either with or without a supersedeas will not while pending have the effect or suspending or annulling the effect of the judgment from which it was taken so as to divest such judgment of its force as an estoppel.

4. The record of the judgment of a Circuit Court is not rendered inadmissible in evidence when offered as an estoppel in another action between the same parties. by the fact that when offered in evidence a writ of error therefrom with supersedeas was pending in the Supreme Court.

5. A judgment that defendant "go hence" and "recover his costs," entered upon a verdict for defendant at the trial of the issues raised by plaintiff's affidavit in attachment. and the defendant's traverse affidavit will not be construed as dismissing the main suit, but only as disposing of the attachment.

6. The Supreme Court has no power to reverse a judgment rendered by a Circuit Court in a case wherein a former judgment between the same parties was properly introduced in evidence and properly held by that court to conclude the party against whom it was introduced, in consequence whereof the second judgment was rendered against him, upon the ground that such former judgment was afterwards reversed by the Supreme Court, where the fact does not appear in the transcript upon the writ of error from such second judgment; but the party is not without his remedy by appropriate proceedings in a court of original jurisdiction, and the Supreme Court upon affirming the judgment will do so with leave to the plaintiff in error to pursue any legal or equitable remedy he may have for relief against it upon the ground stated.

Writ of error to Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*R. H. Liggett,* for Plaintiff in Error.

*M. C. Jordan* and *A. W. Cockrell & Son,* for Defendant in Error.

CARTER, J.

It appears from the transcript of the record that on July 31, 1896, plaintiff in error in an action commenced by him July 25, 1896, in the Circuit Court of Duval county against the defendant in error moved for leave to file his amended affidavit in attachment which alleged that defendant on the twenty-fifth day of July, 1896, was indebted to him in a sum therein stated which would become due August 1st, 1896; that the defendant on said twenty-fifth day of July, 1896, "was fraudulently disposing of his property for the purpose of avoiding the payment of his just debts and demands, and was fraudulently secreting his property for the purpose of avoiding the payment of his just debts and demands."

The court permitted the amended affidavit to be filed August 4, 1896, and on the same day the defendant filed his traverse affidavit alleging, first, "that he was not on the twenty-fifth day of July, A. D. 1896, fraudulently disposing of his property for the purpose of avoiding payment of his just debts and demands," and, second, "that he was not on said day fraudulently secreting his property for the purpose of avoiding the payment of his just debts and demands."

On August 12th, 1896, the issue presented by the amended affidavit in attachment and the traverse affidavit of defendant was submitted to a jury, who rendered their verdict for the defendant, upon which the

court entered judgment "that the defendant Joseph Damato go hence without day and recover of and from Henry W. Reese his costs in this behalf expended herein, taxed at $32.00 for which let execution issue."

A motion for a new trial was made and overruled, to which ruling plaintiff excepted, and from the judgment entered he sued out this writ of error.

At the trial, after the plaintiff had produced his testimony, the defendant introduced the record of the judgment in another attachment proceeding, in the same court, between the same parties, from which it appears that plaintiff's amended affidavit for attachment in that proceedings alleged that defendant on July 25, 1896, was indebted to plaintiff in a sum therein stated to have been actually due, and that plaintiff "on the said twenty-fifth day of July, 1896, had reason to believe that the said Joseph Damato would fraudulently part with his property before judgment could be obtained against him, and that the said Joseph Damato was on the twenty-fifth day of July, 1896, fraudulently disposing of his property, and that he was on said twenty-fifth day of July, 1896, secreting his property;" that defendant filed his traverse affidavit in that proceeding on August 4, 1896, alleging, first, "that on the twenty-fifth day of July, A. D. 1896, he did not intend to fraudulently part with his property before judgment could be obtained against him, nor did he contemplate fraudulently parting with his property before judgment could be obtained against him;" second, "that he was not on the said twenty-fifth day of July, A. D. 1896, fraudulently disposing of his property," and third, "that he was not on the said twenty-fifth day of July, 1896, secreting his property;" that the issue formed by this traverse affidavit and the plaintiff's amended at-

tachment affidavit was submitted to a jury who rendered their verdict for the defendant, upon which the court entered judgment "that the attachment be, and it is hereby dissolved; that the defendant Joseph Damato go hence without day, and recover of and from Henry W. Reese his costs in his behalf expended, herein taxed at $.......... for which let execution issue." Plaintiff then produced evidence showing that on August 11, 1896, he sued out a writ of error to review said judgment, from this court, obtained an order from the Circuit Judge that it operate as a supersedeas, and gave the bond required by that order, and thereupon objected to the introduction of the record of the judgment in evidence, but his objections were overruled, and an exception taken, upon which error is assigned.

The court instructed the jury as follows: "The issues in this case are substantially the issues involved in attachment number one between same parties, the record of which has been read in evidence before you. The court charges you upon the effect of the record, and that the issues therein raised and decided against the plaintiff in this attachment prevent your finding a verdict for him in this case. Your verdict, therefore, will be for the defendant." This instruction was duly excepted to, and is assigned as error.

I. The defendant insists that the writ of error in this case should be dismissed for the reason that the transcript fails to show that the Circuit Court had jurisdiction of the proceeding by attachment. He contends that this court must presume that the Circuit Court had no jurisdiction because the transcript fails to exhibit the original affidavit for attachment, or to show the issuance of a writ of attachment or the levy thereof, and because

the amended affidavit of plaintiff was made before a notary public in Kentucky, and because an amended affidavit made by J. F. Glen was not made before the clerk of the Circuit Court of Duval county, and because the attachment bond is signed by only one surety, *viz:* The Fidelity and Deposit Company of Maryland, and because the transcript does not exhibit an overruled motion to dismiss the attachment filed by him presumably based upon alleged defects in the affidavit and bond. Though served with a copy of plaintiff's written directions to the clerk for making up the transcript, the defendant gave no additional directions. The record shows that he appeared and filed his traverse affidavit in the attachment proceeding and secured a verdict and judgment in his favor. He has not sued out a writ of error from the judgment, nor is he entitled upon plaintiff's writ of error to assign or have this court consider alleged errors in the proceeding committed against him. His appearance and traverse affidavit gave the court jurisdiction over his person, and it can not be doubted that there is sufficient in the transcript to show that the Circuit Court had jurisdiction of the attachment proceeding, as well as the person of defendant. Similar objections to the maintenance of the writ of error in another attachment case between the same parties this day decided by this court are discussed in the opinion filed in that case and in accordance with the views there expressed the objections here taken are without merit.

II. The only points presented for decision by the brief of counsel for plaintiff are as stated therein: "Was the judgment in the former suit a conclusive adjudication of the non-existence of the ground for attachment in this suit? Did the court err in rendering judgment dissolv-

ing the attachment and dismissing the suit? Is there any legal evidence in this case to support the verdict and judgment?" The assignments of error properly present these questions, and we shall confine ourselves to their discussion, treating all other questions, if any, raised by the assignments of error as abandoned.

A. It is insisted that the suing out of a writ of error from the former judgment which under the order of the Circuit Judge was made to operate as a *supersedeas* before that judgment was offered in evidence upon the trial in the present suit, suspended the effect of that judgment and divested it of its force as an estoppel, and that consequently it could not be legally introduced in evidence in the present action. It is not contended that any element necessary to constitute it a conclusive adjudication between the parties, such as identity of the issues in the two suits, was lacking, but only that the writ of error with supersedeas operated to suspend the force and effect which it is admitted it would otherwise have had. We shall, therefore, address ourselves to the inquiry whether the writ of error or the supersedeas obtained thereon divested the former judgment of its force as an estoppel during the time the writ of error was pending in this court. There is a conflict of opinion upon this question as will be seen by reference to the authorities cited by Mr. Freeman in his note to Naftzger v. Gregg, 37 Am. St. Rep. 29. and in his work on judgments. Vol. 1, section 328. If a writ of error be issued by a court which tries the cause *de novo,* enters its own judgment upon such trial and enforces such judgment by its own process, it will while pending prevent the judgment from which it was taken being used as an estoppel. But where the court issuing the writ of error does not. try the

cause *de novo,* but upon the record upon errors assigned, having power to affirm, reverse or modify the judgment appealed from, or to enter its own judgment upon the case made by the record alone, even though it possesses power to enforce it by its own process, the rule is different. In such a case the writ of error either with or without a supersedeas does not have the effect of suspending or annulling the effect of the judgment from which it was taken so as to divest such judgment of its force as an estoppel. Writs of error from this court fall within this class. The rule stated, while not expressly adopted, is foreshadowed by the declarations of this court as to the effect upon the judgment of a writ of error or a writ of error with supersedeas, in Bacon v. Green, 36 Fla. 313, 18 South. Rep. 866; Glasser v. Hackett, 37 Fla. 358 20 South. Rep. 532; State *ex rel.* Merchants' Nat. Bank v. Hull, 37 Fla. 579 20 South. Rep. 762; and Simonton v. State *ex rel.* Turman, 44 Fla. 289, 32 South. Rep. 809. See, also, Powell v. Florida Land & Improvement Company, 41 Fla. 494, 26 South. Rep. 700. The following authorities from other jurisdictions sustain the view we announce; 3 Taylor on Evidence, section 1721; Scott v. Pilkington, 2 Best & Smith Q. B. 11; Doe v. Wright, 10 Ad. & El. 763; Rogers v. Hatch, 8 Nev. 35, Parkhurst v. Berdell, 110 N. Y. 386, 18 N. E. Rep. 123; S. C. 6 Am. St. Rep. 384; Moore v. Williams, 132 Ill. 589, 24 N. E. Rep. 619; Nill v. Comparet, 16 Ind. 107; Day v. Holland, 15 Oregon, 464, 15 Pac. Rep. 855; Bank of North America v. Wheeler, 28 Conn. 433; Cloud v. Wiley, 29 Ark. 81; Willard v. Ostrander, 51 Kan. 481, 32 Pac. Rep. 1092; Oregonian Ry. Co. Limited v. Oregon Ry. & Nav. Co., 27 Fed. Rep. 277; Smith v. Schreiner, 86 Wis. 19, 56 N. W. Rep. 160; Ransom v. City of Pierre, 101 Fed. Rep.

665, 41 C. C. A. 585. See, also, Watson v. Richardson, 110 Iowa, 698, 80 N. W. Rep. 416. The fact that a writ of error from the former judgment with supersedeas thereon was pending in this court at the time of the trial of this case, does not render erroneous the ruling of the court admitting in evidence the record of such former judgment, nor the charge of the court as to its effect as evidence.

B. It is insisted that the court erred in rendering judgment dismissing the suit. The argument is that the suit was commenced by summons, and not by attachment, and that the court was not justified in dismissing the suit unless it was begun by attachment and the attachment dissolved before appearance to the action. Without intimating an opinion as to whether the rule stated can be made to apply to cases where the attachment is sued out for a debt not due, it is sufficient for the purpose of this case to say that we fail to find in the judgment a provision dismissing the suit. On the contrary, the judgment uses language more appropriate to a final judgment on the merits of the case, *viz:* "that defendant Joseph Damato go hence without day." In view of the fact that the trial was had only upon the issue made as to whether the attachment should be dissolved, we construe the language quoted as applicable only to the attachment and not to the action upon the debt. Unless, therefore, the dissolution of an attachment sued out upon a debt not due, *ipso facto* dismisses the entire proceeding based upon the unmatured debt, as to which it is not necessary for us to express an opinion, the main suit or proceeding to recover the debt was left pending in the court below, as there is no language in the judgment entered in the pro-

ceeding to dissolve the attachment which can be con-strued as expressly dismissing the suit.

C. One other question remains to be considered, *viz:* whether there is any legal evidence in the case to support the verdict and judgment. It is not suggested that if the former judgment was not divested of its force as an es-toppel by reason of the writ of error and supersedeas therefrom, there was not sufficient legal evidence before the jury to authorize their finding. The question sought to be raised under this contention is as stated in the brief, "predicated upon the assumption that the court will re-verse the judgment of the Circuit Court in case number one between the parties to this proceeding which was the basis of the judgment sought to be reviewed," and that "while it could not be said, looking to the record in this case alone, that error had been committed, yet the court taking judicial notice of the fact that it, by its own or-der, had reversed and annulled the judgment in case number one would set aside the judgment in this case as being devoid of any basis." The writ of error from the former judgment has been heard by this court and the judgment pronounced erroneous for reasons stated in the opinion filed therein this day, and judgment reversing same and granting a new trial has been entered. But that fact does not appear upon the record in this case, and the proposition advanced, as we understand it, is that we may take judicial notice of the fact and reverse the judgment by reason thereof, even though we find that the court below ruled correctly upon every question pre-sented by the record and assignments of error. Some authorities hold that an appellate court possesses that power (Butler v. Eaton, 141 U. S. 240, 11 Sup. Ct. Rep. 985; Gas Light Co. v. Zanesville, 47 Ohio St. 35, 23 N.

E. Rep. 60; Waldron v. Ely, 2 N. J. L. 75; People v. Seney, 70 Iowa, 275; 24 N. W. Rep. 520; 30 N. W. Rep. 634; see, also, Ransom v. City of Pierre, 101 Fed. Rep. 665, 41 C. C. A. 585), but we can find no authority in our constitution or laws for its exercise by this court. Parkhurst v. Berdell, 110 N. Y. 386, 18 N. E. Rep. 123, S. C. 6 Am. St. Rep. 384; Willard v. Ostrander, 51 Kan. 481, ·32 Pac. Rep. 1092. In exercising it we would be assuming original, and not appellate jurisdiction, and neither the constitution nor the statutes give us power to exercise original jurisdiction in such cases. The party is not, however, without his remedy (Merchants' Insurance Co. v. De Wolf, 33 Pa. St. 45; Brennan v. Berlin Iron Bridge Co., 73 Conn. 412, 47 Atl. Rep. 668; 1 Freeman on Judgments, section 101b), but he must seek it in a court of original jurisdiction. We shall, therefore, affirm the judgment, but with leave to plaintiff to pursue any remedy he may have, either at law or in equity, for relief against the judgment upon the ground stated.