ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
While we adhere to our original opinion regarding the interlocutory appeal of Es-tudios, Proytectos e Inversiones de Centro *1122 America, S.A., (EPICA), in the interest of clarity we grant EPICA’s motion for clarification in order to point out that our decision could not and is not intended to decide the merits of the underlying cause of action. See Reese v. Damato, 44 Fla. 692, 33 So. 462 (1902). The decision is limited to the specific issue raised. As such, this court decided only that the trial court properly denied EPICA’s motion to dissolve the prejudgment writ of attachment in light of the facts presented by the parties. The factual findings and conclusions of law made by the trial court in denying EPICA’s motion will not be binding at the trial on the merits. Cf. Ladner v. Plaza Del Prado Condominium Assoc. Inc., 423 So.2d 927 (Fla. 3d DCA 1982) (findings of fact and legal conclusions arrived at by court in determining whether party entitled to preliminary injunction not binding in trial on the merits), review denied, 434 So.2d 887 (Fla.1983). In all other respects EPICA’s motion for rehearing end clarification is denied.