# INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS OF MIAMI BEACH, INC., et al. v ROBBINS, etc., et al.

## Case No. 87-15990 CA 02

Eleventh Judicial Circuit, Dade County

September 28, 1990

### APPEARANCES OF COUNSEL

**Heyward A. Bradman, Esquire,** for plaintiffs.

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for defendants.

### OPINION OF THE COURT

RONALD M. FRIEDMAN, Circuit Judge.

### *ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ORDER OF DISMISSAL*

THIS CAUSE came before the Court on August 27, 1990, pursuant to notice on the Defendant-taxing authorities' Motion to Dismiss for

Lack of Subject Matter Jurisdiction and *ore tenus* on Defendants' Motion to Strike pages 20, 21 and 22 of and all the attachments to Plaintiffs' Response to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. The Court reviewed the pleadings in the court file and considered the motion and moving papers in light of the authorities and the memoranda of law submitted by the parties. Upon consideration, the Court finds as follows:

## *FINDINGS OF UNDISPUTED FACT*

1. This is an action contesting the denial of charitable or religious ad valorem tax exemption for 1986 with respect to certain real property located at 2445 Collins Avenue, Miami Beach, Florida, and identified by tax assessment roll Folio No. 02-3226-001-0641.

2. The taxpayers paid no taxes on the subject property for 1987, the year following the subject year, before the April 1, 1988 delinquency date thereof, or at any time before July 31, 1989, the following year. (See Order Granting Motion to Dismiss for Lack of Subject Matter Jurisdiction and Order of Dismissal, *International Society for Krishna Consciousness of Miami Beach, Inc. v Robbins, etc., et al.,* 44 Fla. Supp.2d 77 (Fla. 11th Cir. Ct., 1990), paragraph 2.

3. As of January 1, 1987, portions of the subject property were used as a restaurant open to the public, serving meals for profit. *(Id.,* paragraph 3).

## *CONCLUSIONS OF LAW*

4. The dispositive facts set forth in paragraphs 2 and 3 above have been established under the doctrine of collateral estoppel as a result of the findings by the trial court in the Order Granting Motion to Dismiss for Lack of Subject Matter Jurisdiction and Order of Dismissal in *International Society for Krishna Consciousness of Miami Beach, Inc., v Robbins, etc., et al.,* 44 Fla. Supp.2d 77 (Fla. 11th Cir. Ct. 1990). It is axiomatic that under the doctrines of res judicata and collateral estoppel, a judgment works an estoppel as to the various matters therein adjudged. 13 Fla.Jur.2d *Courts and Judges* § 137 (1979). Under Florida law, the pendency of an appeal does not have the effect of suspending the res judicata effect of the order from which it was taken. *Reese v Damato,* 44 Fla. 692, 33 So. 462, 464 (1902). The same is true under federal law. *Hunt v Liberty Lobby, Inc.,* 707 F.2d 1493, 1497 (D. C. Cir. 1983).

5. The taxpayers acknowledge that this Court's jurisdiction herein is governed by section 194.171, Florida Statutes (1987). (Complaint,

paragraphs 8, 11). The taxpayers, however, have failed to comply with the express jurisdictional requirement of that statute governing payment of the proportionate amount of subsequent years' taxes admitted in good faith to be due and owing.

6. Section 194.171(5), Florida Statutes, provides:

*No action* to contest a tax assessment may be maintained and *any such action shall be dismissed* unless all taxes on the property assessed in years after the action is brought which the taxpayer in good faith admits to be owing, are paid *before they become delinquent.*

7. Section 194.171(6), Florida Statutes (1987), makes subsection (5) jurisdictional. As therein provided:

The requirement of subsections (2), (3) and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court *shall* lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).

8. Pursuant to the mandatory provisions of section 194.171(5) and (6), Florida Statutes (1987), the 1987 taxes assessed against the subject property became delinquent on April 1, 1988. Plaintiffs have failed to comply with the mandatory provisions of section 194.171(5), Florida Statutes, and as a result of such noncompliance, this Court lacks subject matter jurisdiction over these proceedings pursuant to section 194.171(6). *Bystrom v Diaz,* 514 So.2d 1072 (Fla. 1987). Because the Motion to Dismiss for Lack of Subject Matter Jurisdiction must be granted for the reasons set forth in this order, the other matters raised by the motion need not be addressed.

Based upon the specific findings and conclusions set forth hereinabove, it is accordingly

ORDERED and ADJUDGED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted, and this cause be and the same is hereby dismissed with prejudice, provided that the Court maintains jurisdiction to tax costs in favor of Defendants. Defendants' *ore tenus* motion to strike portions of the taxpayers' Response to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is rendered moot by the foregoing disposition of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

DONE and ORDERED in Chambers, at Miami, Dade County, Florida, this 28th day of September, 1990.